RHONDA R. TROTTER, Bar Number 169241
rtrotter@kayescholer.com
THEODORE W. MAYA, Bar Number 223242
tmaya@kayescholer.com
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, California 90067
Telephone: (310) 788-1000
Facsimile: (310) 788-1200

Attorneys for Plaintiff
CONSUMERINFO.COM, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| CONSUMERINFO.COM, INC., a California corporation, | CASE NO. SACV09-0055 DOC |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **(1) TRADEMARK AND TRADE DRESS INFRINGEMENT UNDER THE LANHAM ACT;** |
| JESSE WILLMS, an individual; EDIRECT, a Canadian Partnership; and DOES 1-10, inclusive, | **(2) VICARIOUS TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT;** |
| Defendants. | **(3) CONTRIBUTORY TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT;** |
| | **(4) FALSE ADVERTISING UNDER THE LANHAM ACT;** |
| | **(5) UNFAIR COMPETITION UNDER THE LANHAM ACT;** |
| | **(6) TRADEMARK DILUTION UNDER THE LANHAM ACT;** |
| | **(7) UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200 ET SEQ.);** |
| | **(8) FALSE ADVERTISING (CAL. BUS. & PROF. CODE § 17500 ET SEQ.);** |
| | **(9) COMMON LAW TRADEMARK INFRINGEMENT.** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff ConsumerInfo.com, Inc. ("ConsumerInfo" or "Plaintiff") alleges as follows:

## PARTIES

1.    Plaintiff ConsumerInfo is now, and at all times mentioned in the Complaint was, a California corporation with its principal place of business located in this Judicial District at 18500 Von Karman Ave., Suite 900, Irvine, California, 92612.

2.    ConsumerInfo is wholly owned by non-party Experian Holdings, Inc.

3.    Upon information and belief, Defendant Jesse Willms ("Willms") is now, and at all times mentioned in the Complaint was, an individual residing in Canada with his principal residence and principal place of business in Alberta, Canada.

4.    Upon information and belief, Defendant eDirect ("eDirect") is now, and at all times mentioned in the Complaint was, a Canadian partnership organized under the laws of, and with its principal place of business in, Alberta, Canada.

5.    ConsumerInfo is uncertain of the true names and capacities of those defendants sued by the fictitious names Does 1 through 10, who also are responsible and liable for the injuries alleged in this Complaint and who proximately caused damage to ConsumerInfo.  ConsumerInfo will amend this Complaint to add the true names and capacities of the Does when they become known.

6.    Upon information and belief, at all times all Defendants were the principals, agents, affiliates, partners, and/or co-conspirators of each other, and each acted within the course, scope, and authority of such relationships so that, as a result, all Defendants are jointly and severally liable for the acts alleged herein.

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction over the federal trademark infringement claims pursuant to the Lanham Act, 15 U.S.C. § 1121 and 28 U.S.C. §

1338.  The Court has supplemental jurisdiction over the claims arising under state law pursuant to 28 U.S.C. § 1367(a), in that the state claims are so related to the claims over which the Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8.      The Court also has subject matter jurisdiction over this action on the basis of the diversity of citizenship of the parties, under 28 U.S.C. § 1332, and because the amount in controversy exceeds $75,000.

9.      This Court has personal jurisdiction over Defendants because they conduct business in California including entering into ongoing contractual relationships with Californians and purposely directing substantial activities at residents of California by means of the websites described herein and by mailing credit score related materials to California residents.  This lawsuit arises out of or relates to those activities.  The exercise of personal jurisdiction over Defendants is reasonable and comports with traditional notions of fair play and substantial justice.

10.     Other than California, Defendants are not subject to jurisdiction in any state's courts of general jurisdiction.  If the Court determines that defendants lack sufficient contacts with California, personal jurisdiction is nonetheless proper pursuant to Fed. R. Civ. P. 4(k)(2).  Defendants conduct business in the United States including entering into ongoing contractual relationships with United States residents and purposely direct substantial activities at residents of the United States by means of the websites described herein and by mailing credit score related materials to United States residents.  This lawsuit arises out of or relates to those activities.  The exercise of personal jurisdiction over Defendants is reasonable and comports with traditional notions of fair play and substantial justice.

11.     Venue is appropriate in this District pursuant to 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this judicial district and, on information and belief, a substantial part of the events giving rise to the claims in this Complaint occurred in this District.

2

# GENERAL ALLEGATIONS

## ConsumerInfo and the Trademarks at Issue

12.     ConsumerInfo runs an online business that provides consumers with a broad range of comprehensive online financial products, including consumer credit information products, credit scores, credit reports, credit monitoring, and identity theft protection.

13.     ConsumerInfo owns and operates the famous website FreeCreditReport.com.

14.     ConsumerInfo owns the federally registered trademarks FREECREDITREPORT.COM (U.S. Patent and Trademark Office Registration No. 3,426,854) and TRIPLE ADVANTAGE (Registration No. 3,526,207).  See **Exhibit A.**

15.     ConsumerInfo began using the FREECREDITREPORT.COM mark to identify its products at least as early as January 1999.  ConsumerInfo has used this mark substantially, exclusively, and continuously since then, for approximately ten years.

16.     In addition to use of the FREECREDITREPORT.COM mark as an internet domain name, ConsumerInfo uses the FREECREDITREPORT.COM mark as a brand name to identify its products.

17.     ConsumerInfo heavily advertises the FREECREDITREPORT.COM mark in a variety of media, including through television advertisements, radio advertisements, print advertisements, and online advertisements.

18.     ConsumerInfo spends in excess of $1 million per month to advertise and promote its FREECREDITREPORT.COM mark and brand.

19.     ConsumerInfo's advertising and promotion of its FREECREDITREPORT.COM trademark and brand have been highly successful, and the FreeCreditReport.com site averages well over 1 million visitors per month.

20.     As a result of ConsumerInfo's advertising and promotion, the

3

FREECREDITREPORT.COM trademark has become famous throughout the United States, and is widely associated with ConsumerInfo's website and products.

21.    ConsumerInfo also uses distinctive features and a distinctive, non-functional appearance ("Trade Dress") for its FreeCreditReport.com web pages. An Example of one such web page is attached hereto as **Exhibit B**. ConsumerInfo uses a variety of landing pages, depending on how consumers reach FreeCreditReport.com, but ConsumerInfo has used the page attached as **Exhibit B**, or close variants thereof, continuously since approximately October 2005.

22.    ConsumerInfo developed its Trade Dress at great expense after testing many different possible web page designs that were at least as functional as the Trade Dress.

23.    Through long and continuous use, the Trade Dress has come to be associated with ConsumerInfo and the FREECREDITREPORT.COM brand.

24.    ConsumerInfo uses its TRIPLE ADVANTAGE trademark to identify a product sold through the FreeCreditReport.com site, which allows consumers to monitor their credit.

25.    Non-Party Experian Information Solutions, Inc. is a sister company of ConsumerInfo and, like ConsumerInfo, is wholly owned by non-party Experian Holdings, Inc.

26.    Non-Party Experian Information Solutions, Inc. owns the registered trademark EXPERIAN, including the stylized logos incorporating that mark bearing U.S. Patent and Trademark Office Registration Number 2,333,478 and Serial Number 77,261,801.

### Defendants' Actions

27.    Defendants compete directly with ConsumerInfo by marketing and operating websites that sell credit reports, credit scores, credit monitoring, "Identity Theft Protection," and/or credit counseling (the "Competing Products or Services").

28.   Defendants own and operate the website located at CreditReportAmerica.com (the "CRA Website"), through which they market the Competing Products or Services.

29.   On information and belief, Defendants operate or control other websites that lead to the CRA Website.

30.   Defendants posted a web page at CreditReportAmerica.com that copied the protectable Trade Dress of ConsumerInfos's FreeCreditReport.com site.  See **Exhibits B-C**.

31.   The CRA Website's current homepage features a red and blue logo on a white background, and depicts a United States flag.  Other pages feature a red and white logo on a blue background.  The homepage displays five testimonials purportedly from United States residents.  One of these testimonials is from a "David Morrow" from Antioch, California.  See, e.g., **Exhibit D**.

32.   The CRA Website promises to deliver credit information "straight to [the consumer's] door" and asks consumers to "tell us where you'd like your FREE Credit Report to be sent!"  The CRA Website offers space for consumers to enter in their address information, including a "select a state" drop-down menu allowing consumers to select a state, including California, for shipping.  See **Exhibit E**.

33.   When a consumer enters a California zip code into the Site's homepage, the subsequent page to appear states "GREAT NEWS!  There are still FREE credit reports available in California."  See **Exhibit F**.

34.   Defendants use, without ConsumerInfo's permission, the term FREECREDITREPORT.COM or confusingly similar variations thereof in the headings and text of paid, keyword-triggered advertisements ("Sponsored Link Advertisements") posted through keyword-triggered advertising programs offered by internet search engines, such as Google's AdWords program.  See, e.g., **Exhibit G**.

35.   Defendants purchase and use, without ConsumerInfo's permission, the term FREECREDITREPORT.COM, or confusingly similar variations thereof, as

5

KAYE SCHOLER LLP

keywords ("Search Engine Keywords") through keyword-triggered advertising programs offered by internet search engines, such as Google's AdWords program. As a result, when consumers type the term FREECREDITREPORT.COM, or similar terms such as "freecreditreport com" or "freecreditreportcom," into internet search engines, they are presented with Sponsored Link Advertisements for Defendants' competing websites. Examples of Google search results showing such Sponsored Link Advertisements are included in **Exhibit G** hereto.

36.   Defendants employ one or more affiliate marketers ("Affiliates") who, in turn, operate various websites, bid on various Search Engine Keywords, and post various Sponsored Link Advertisements to direct online consumers to the CRA Website and sell Competing Products or Services.

37.   Defendants and/or their Affiliates have operated websites at CreditReportAmerica.net, FreeEquifaxCreditReport.net, The-Free-Credit-Report.info, FreeReportCheck.com, CreditReportAllFree.com, and other domains, which prominently display the mark "CreditReportAmerica.com" and/or lead to that site. See, e.g., **Exhibit G**.

38.   On information and belief, the Affiliates are agents of Defendants, and operate under the control and on behalf of Defendants in return for payment by Defendants.

39.   Defendants and their Affiliates incorporate ConsumerInfo's FREECREDITREPORT.COM trademark into the text of web pages, using the term in a trademark sense and in a manner likely to cause confusion among consumers as to the source of the goods sold on Defendants' websites. See, e.g., **Exhibits G, I**.

40.   Defendants' and their Affiliates' use of ConsumerInfo's trademark on their web pages causes those web pages to appear higher in search results from online search engines (e.g., Google).

41.   Defendants displayed the EXPERIAN Logo on CreditReportAmerica.com without the permission of non-party Experian Information

6

KAYE SCHOLER LLP

1    Solutions, which owns the trademark rights in that logo (U.S. Patent and Trademark

2    Office Serial No. 77,261,801).  See **Exhibit H**.

3        42.    Defendants displayed the EXPERIAN Logo on CreditReportAmerica.net

4    and at FreeEquifaxCreditReport.net, without the permission of non-party Experian

5    Information Solutions, which owns the trademark rights in that logo (U.S. Patent and

6    Trademark Office Registration No. 2,333,478).  See **Exhibit G**.

7        43.    The CRA Website and affiliated websites that, on information and belief,

8    are operated by Defendants or their Affiliates, prominently advertise that they have

9    been "Seen On" various television channels including CNN, CNBC, NBC, CBS, and

10   Fox.  See, e.g., **Exhibits D, G-H**.  ConsumerInfo advertises

11   FREECREDITREPORT.COM on these channels but, on information and belief,

12   Defendants do not advertise their products or services, the CRA Website, or affiliated

13   websites on these channels.

14       44.    The CRA Website and affiliated websites that, on information and belief,

15   are operated by Defendants or their Affiliates, display stylized logos for Google,

16   MSN, Yahoo, CNN, MSN, and CNBC.  See, e.g., **Exhibits D, G-H**.  On information

17   and belief, Defendants do not have licenses or other permission to display these logos.

18       45.    Defendants and/or their Affiliates display a Sponsored Link

19   Advertisement using the term "FreeCreditReport" with the "®" symbol, leading to

20   CreditReportAmerica.net and the CRA Website.  See **Exhibit I**.

21       46.    Neither Defendants nor their Affiliates own a registered trademark in the

22   term "FreeCreditReport."

23       47.    Defendants and/or their Affiliates purchase and use the term TRIPLE

24   ADVANTAGE as a Search Engine Keyword, and use that term in the headings and

25   text of Sponsored Link Advertisements.  See, e.g., **Exhibit J**.

26       48.    Defendants' and their Affiliates' uses of FREECREDITREPORT.COM,

27   TRIPLE ADVANTAGE, and confusingly similar terms as Search Engine Keywords

28   and in the headings and text of Sponsored Link Advertisements, and their uses of

those trademarks and of EXPERIAN logos on their websites, are likely to confuse and deceive consumers as to the source of the Competing Products or Services Defendants sell.

49.   Defendants' actions are willful and reflect intent to confuse consumers and profit from the goodwill associated with ConsumerInfo's trademark.

50.   Prior to filing this Complaint, commencing in September 2008, ConsumerInfo sent at least four letters to Defendants, informing them of ConsumerInfo's trademark rights and demanding that the infringing and deceptive conduct described above cease.  Defendants and their Affiliates continue to use ConsumerInfo's trademarks as Search Engine Keywords, in the headings and text of Sponsored Link Advertisements, and in websites leading to the CRA Website. Defendants also continue to claim to claim they have been "Seen On" television channels on which Plaintiff advertises, and continue to use the stylized logos of well-known media companies as alleged above.

## FIRST CLAIM FOR RELIEF

### (Trademark and Trade Dress Infringement Under the Lanham Act, 15 U.S.C. §§ 1114, 1125)

51.   ConsumerInfo incorporates all preceding paragraphs here.

52.   Defendants' actions alleged above constitute the knowing use of an infringing mark and false designation of origin, false and misleading description of fact, false and misleading representation of fact, false advertising, and unfair competition, all in violation of 15 U.S.C. § 1125(a).

53.   ConsumerInfo owns the FREECREDITREPORT.COM and TRIPLE ADVANTAGE trademarks.

54.   Defendants' unauthorized and repeated uses of ConsumerInfo's FREECREDITREPORT.COM and TRIPLE ADVANTAGE trademarks, and confusingly similar terms, in commerce to falsely represent, describe, and/or designate

8

the origin of Defendants' Competing Products or Services is likely to cause confusion as to: (a) the source of the Competing Products or Services, (b) an affiliation or connection between Defendants and ConsumerInfo, and/or (c) the origin, sponsorship, or approval of the Competing Products or Services.

55.    ConsumerInfo owns its Trade Dress.

56.    ConsumerInfo's Trade Dress is distinctive and non-functional.

57.    Through long and continuous use, the Trade Dress has come to be associated with ConsumerInfo and the FREECREDITREPORT.COM brand.

58.    Defendants' intentional act of designing the CRA Website to emulate ConsumerInfo's Trade Dress, including the colors, layout, images, and overall look and feel of the FreeCreditReport.com site further created a likelihood of confusion as to (a) the source of Defendants' Competing Products or Services, (b) an affiliation or connection between Defendants and ConsumerInfo, and/or (c) the origin, sponsorship, or approval of the Competing Products or Services.

59.    Defendants' conduct has damaged and continues to damage ConsumerInfo's business, reputation, and goodwill.

60.    Defendants at all times were aware of ConsumerInfo's FREECREDITREPORT.COM trademark, TRIPLE ADVANTAGE trademark, and FreeCreditReport.com site, and purposely copied those marks and that site, purchased infringing Search Engine Keywords, and used the trademarks in the text of Sponsored Link Advertisements.  Defendants were put on notice of the allegations set forth herein, but the conduct has continued.  Defendants' conduct has been willful and intentional, and Defendants engaged in the actions alleged herein with the purpose of confusing consumers and trading on the goodwill associated with ConsumerInfo's trademarks.  Accordingly, ConsumerInfo respectfully request damages in an amount three times actual damages, and an award of attorney fees and costs pursuant to 15 U.S.C. § 1117.

61.    Defendants' conduct will continue unless enjoined by this Court.

9

KAYE SCHOLER LLP

62.     As a direct result of Defendants' willful and unlawful actions, ConsumerInfo has suffered and continues to suffer irreparable harm, including damage to and diminution in value of ConsumerInfo's FREECREDITREPORT.COM and TRIPLE ADVANTAGE trademarks, and ConsumerInfo's Trade Dress, for which there is no adequate remedy at law.  Accordingly, ConsumerInfo is entitled to injunctive and equitable relief.

## SECOND CLAIM FOR RELIEF

### (Vicarious Liability Under the Lanham Act, 15 U.S.C. §§ 1114, 1125)

63.     ConsumerInfo incorporates all preceding paragraphs here.

64.     Defendants have knowledge of the infringement alleged herein, insofar as Defendants' Affiliates directly perpetrated that infringement.

65.     Defendants profit from the infringement alleged herein, insofar as Defendants' Affiliates directly perpetrated that infringement.

66.     Defendants have the ability, but choose not, to stop the infringement alleged herein, insofar as Defendants' Affiliates directly perpetrated that infringement.

67.     Defendants' conduct has damaged and continues to damage ConsumerInfo's business, reputation, and goodwill.

68.     On information and belief, Defendants' conduct has been willful and intentional, and Defendants engaged in the actions alleged herein with the purpose of confusing consumers and trading on the goodwill associated with ConsumerInfo's FREECREDITREPORT.COM and TRIPLE ADVANTAGE trademarks.  Accordingly, ConsumerInfo respectfully requests damages in an amount three times actual damages, and an award of attorney fees and costs pursuant to 15 U.S.C. § 1117.

69.     Defendants' conduct will continue unless enjoined by this Court.

70.     As a direct result of Defendants' willful and unlawful actions, ConsumerInfo has suffered and continues to suffer irreparable harm, including damage to and diminution in value of ConsumerInfo's FREECREDITREPORT.COM

10

1   and TRIPLE ADVANTAGE trademarks, and/or ConsumerInfo's Trade Dress, for

2   which there is no adequate remedy at law.  Accordingly, ConsumerInfo is entitled to

3   injunctive and equitable relief.

5   **THIRD CLAIM FOR RELIEF**

6   **(Contributory Liability Under the Lanham Act, 15 U.S.C. §§ 1114, 1125)**

7   71.   ConsumerInfo incorporates all preceding paragraphs here.

8   72.   Defendants have knowledge of the infringement alleged herein, insofar as

9   Defendants' Affiliates directly perpetrated that infringement.

10   73.   Defendants could take simple measures to prevent their Affiliates'

11   infringement.

12   74.   Defendants do not prevent their Affiliates' infringement, but instead

13   encourage that infringement by (a) refusing to take simple measures to prevent it, (b)

14   paying the Affiliates, and (c) other actions as may be revealed by discovery.

15   75.   Defendants' conduct has damaged and continues to damage

16   ConsumerInfo's business, reputation, and goodwill.

17   76.   On information and belief, Defendants' conduct has been willful and

18   intentional, and Defendants engaged in the actions alleged herein with the purpose of

19   confusing consumers and trading on the goodwill associated with ConsumerInfo's

20   FREECREDITREPORT.COM trademark.  Accordingly, ConsumerInfo respectfully

21   requests damages in an amount three times actual damages, and an award of attorney

22   fees and costs pursuant to 15 U.S.C. § 1117.

23   77.   Defendants' conduct will continue unless enjoined by this Court.

24   78.   As a direct result of Defendants' willful and unlawful actions,

25   ConsumerInfo has suffered and continues to suffer irreparable harm, including

26   damage to and diminution in value of ConsumerInfo's FREECREDITREPORT.COM

27   and TRIPLE ADVANTAGE trademarks, and/or ConsumerInfo's Trade Dress, for

28   which there is no adequate remedy at law.  Accordingly, ConsumerInfo is entitled to

11

COMPLAINT

23260761.DOC

1    injunctive and equitable relief.

2

3                        **FOURTH CLAIM FOR RELIEF**

4         **(False Advertising Under the Lanham Act, 15 U.S.C. § 1125)**

5         79.    ConsumerInfo incorporates all preceding paragraphs here.

6         80.    By using ConsumerInfo's FREECREDITREPORT.COM and TRIPLE

7    ADVANTAGE trademarks as alleged above, claiming to have been "seen on"

8    television channels on which ConsumerInfo advertises, displaying the logos of

9    Experian and well-known media companies, offering to help improve consumers'

10   credit histories, falsely using the "®" symbol, and making false representations

11   concerning credit reports to which consumers are entitled, Defendants willfully cause

12   confusion as to the nature, origin, sponsorship, and/or approval of their Competing

13   Products or Services.

14        81.    Defendants' misleading statements concerning the Competing Products

15   or Services concern the inherent quality and characteristics of the Competing Products

16   or Services, such that the statements are material and likely to influence consumers to

17   purchase the Competing Products or Services.

18        82.    ConsumerInfo is likely to be damaged by Defendants' actions, in that

19   Defendants' actions divert customers from ConsumerInfo and diminish the goodwill

20   associated with ConsumerInfo's trademarks.

21        83.    On information and belief, Defendants' conduct has been willful and

22   intentional, and Defendants engaged in the actions alleged herein with the purpose of

23   confusing consumers and trading on the goodwill associated with ConsumerInfo's

24   FREECREDITREPORT.COM trademark.  Accordingly, ConsumerInfo respectfully

25   requests damages in an amount three times actual damages, and an award of attorney

26   fees and costs pursuant to 15 U.S.C. § 1117.

27        84.    Defendants' conduct will continue unless enjoined by this Court.

28        85.    As a direct result of Defendants' willful and unlawful actions,

                                        12

ConsumerInfo has suffered and continues to suffer irreparable harm, including damage to and diminution in value of ConsumerInfo's FREECREDITREPORT.COM and TRIPLE ADVANTAGE trademarks, and/or ConsumerInfo's Trade Dress, for which there is no adequate remedy at law. Accordingly, ConsumerInfo is entitled to injunctive and equitable relief.

**FIFTH CLAIM FOR RELIEF**

**(Unfair Competition Under the Lanham Act, 15 U.S.C. § 1125)**

86.  ConsumerInfo incorporates all preceding paragraphs here.

87.  Defendants' infringement and false advertising, as alleged herein, constitutes unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

88.  Defendants' conduct has damaged and continues to damage ConsumerInfo's business, reputation, and goodwill.

89.  On information and belief, Defendants' conduct has been willful and intentional, and Defendants engaged in the actions alleged herein with the purpose of confusing consumers and trading on the goodwill associated with ConsumerInfo's FREECREDITREPORT.COM and TRIPLE ADVANTAGE trademarks. Accordingly, ConsumerInfo respectfully requests damages in an amount three times actual damages, and an award of attorney fees and costs pursuant to 15 U.S.C. § 1117.

90.  Defendants' conduct will continue unless enjoined by this Court.

91.  As a direct result of Defendants' willful and unlawful actions, ConsumerInfo has suffered and continues to suffer irreparable harm, including damage to and diminution in value of ConsumerInfo's FREECREDITREPORT.COM and TRIPLE ADVANTAGE trademarks, and/or ConsumerInfo's Trade Dress, for which there is no adequate remedy at law. Accordingly, ConsumerInfo is entitled to injunctive and equitable relief.

## SIXTH CLAIM FOR RELIEF

### (Dilution Under the Lanham Act, 15 U.S.C. § 1125(c))

92.    ConsumerInfo incorporates all preceding paragraphs here.

93.    This claim is for Defendants' unlawful dilution of ConsumerInfo's FREECREDITREPORT.COM trademark in violation of the Lanham Act, 15 U.S.C. § 1125(c).

94.    ConsumerInfo's FREECREDITREPORT.COM trademark is famous, and widely recognized by the general consuming public of the United States as designations of the source of ConsumerInfo's products.

95.    Defendants' actions alleged herein commenced after ConsumerInfo's FREECREDITREPORT.COM trademark became famous.

96.    Defendants' actions have lessened the capacity of ConsumerInfo's FREECREDITREPORT.COM trademark to identify and distinguish ConsumerInfo's products.

97.    Defendants' conduct has caused or is likely to cause dilution by blurring of the distinctive quality of ConsumerInfo's famous FREECREDITREPORT.COM trademark, to ConsumerInfo's irreparable injury and damage.

98.    Defendants' conduct has caused or is likely to cause dilution by tarnishing the reputation of ConsumerInfo's FREECREDITREPORT.COM brand and the products sold under that famous trademark, to ConsumerInfo's irreparable injury and damage.

99.    Defendants' conduct has damaged and continues to damage ConsumerInfo's business, reputation, and goodwill.

100.    On information and belief, Defendants' conduct has been willful and intentional, and Defendants engaged in the actions alleged herein with the purpose of confusing consumers and trading on the goodwill associated with ConsumerInfo's FREECREDITREPORT.COM trademark.  Accordingly, ConsumerInfo respectfully requests damages in an amount three times actual damages, and an award of attorney

14

1  fees and costs pursuant to 15 U.S.C. § 1117.

2      101.  Defendants' conduct will continue unless enjoined by this Court.

3      102.  As a direct result of Defendants' willful and unlawful actions,

4  ConsumerInfo has suffered and continues to suffer irreparable harm, including

5  damage to and diminution in value of ConsumerInfo's FREECREDITREPORT.COM

6  trademark, for which there is no adequate remedy at law.  Accordingly, ConsumerInfo

7  is entitled to injunctive and equitable relief.

8

9  **SEVENTH CLAIM FOR RELIEF**

10  **(Unfair Competition Under Cal. Bus. & Prof. Code § 17200 *et. seq.*)**

11      103.  ConsumerInfo incorporates all preceding paragraphs here.

12      104.  Defendants' infringement and false advertising, as alleged herein,

13  constitutes unfair competition in violation of California Business and Professions

14  Code § 17200 *et seq*.

15      105.  Defendants' conduct has damaged and continues to damage

16  ConsumerInfo's business, reputation, and goodwill, and ConsumerInfo has lost money

17  as a result.

18      106.  Defendants' conduct will continue unless enjoined by this Court.

19      107.  As a direct result of Defendants' willful and unlawful actions,

20  ConsumerInfo has suffered and continue to suffer irreparable harm for which there is

21  no adequate remedy at law.  Accordingly, ConsumerInfo is entitled to injunctive and

22  equitable relief.

23

24  **EIGHTH CLAIM FOR RELIEF**

25  **(False Advertising Under Cal. Bus. & Prof. Code § 17500)**

26      108.  ConsumerInfo incorporates all preceding paragraphs here.

27      109.  At all relevant times Defendants intended to sell the Competing Products

28  or Services that they marketed through the CRA Website.

15

KAYE SCHOLER LLP

1    110.   By using ConsumerInfo's FREECREDITREPORT.COM and TRIPLE

2    ADVANTAGE trademarks as alleged above, claiming to have been "seen on"

3    television channels on which ConsumerInfo advertises, displaying the logos of

4    Experian and well-known media companies, offering to help improve consumers'

5    credit histories, falsely using the "®" symbol, and making false representations

6    concerning credit reports to which consumers are entitled, Defendants knew, or by the

7    exercise of reasonable care should have known, that they were disseminating

8    statements that were untrue or misleading and so acted in violation of California

9    Business and Professions Code § 17500.

10    111.   Defendants' misleading statements concerning the Competing Products

11    or Services concern the inherent quality and characteristics of the Competing Products

12    or Services, such that the statements are material and likely to influence consumers to

13    purchase the Competing Products or Services.

14    112.   Defendants' conduct has damaged and continues to damage

15    ConsumerInfo's business, reputation, and goodwill, and ConsumerInfo has lost money

16    as a result.

17    113.   Defendants' conduct will continue unless enjoined by this Court.

18    114.   As a direct result of Defendants' willful and unlawful actions,

19    ConsumerInfo has suffered and continue to suffer irreparable harm for which there is

20    no adequate remedy at law.  Accordingly, ConsumerInfo is entitled to injunctive and

21    equitable relief.

22

23                    **NINTH CLAIM FOR RELIEF**

24            **(Common Law Trademark Infringement)**

25    115.   ConsumerInfo incorporates all preceding paragraphs here.

26    116.   This claim is for trademark infringement in violation of the common law

27    of the State of California.

28            117.   Defendants' uses of ConsumerInfo's FREECREDITREPORT.COM and

KAYE SCHOLER LLP