RHONDA R. TROTTER, Bar Number 169241
rtrotter@kayescholer.com
THEODORE W. MAYA, Bar Number 223242
tmaya@kayescholer.com
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, California 90067
Telephone: (310) 788-1000
Facsimile: (310) 788-1200

Attorneys for Plaintiff and Counter-Defendant
CONSUMERINFO.COM, INC.

Karl S. Kronenberger, Bar Number 226112
karl@kbinternetlaw.com
Jeffrey M. Rosenfeld, Bar Number 222187
jeff@kbinternetlaw.com
KRONENBERGER BURGOYNE LLP
150 Post Street, Suite 520
San Francisco, California 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158

Attorneys for Defendants and Counter-Claimants
JESSE WILLMS & EDIRECT

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAY 1 2 2009

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| CONSUMERINFO.COM, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>JESSE WILLMS, an individual; EDIRECT, a Canadian Partnership; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. SA CV 09-0055 DOC (MLGx)<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER CONCERNING DISCOVERY AND CONFIDENTIALITY**<br><br>[Hon. David O. Carter] |

1

23265743.DOC         STIPULATION CONCERNING DISCOVERY AND CONFIDENTIALITY

For good cause shown, and pursuant to the foregoing Stipulation of the parties, the Court hereby enters the following Order Concerning Discovery and Confidentiality ("Discovery Order") in this Action.

## A. DEFINITIONS

The following definitions shall apply to this Discovery Order:

1. The "Action" shall mean and refer to the above-captioned matter and to all actions now or later consolidated with the Action, and any appeal from the Action and from any other action consolidated at any time under the above-captioned matter, through final judgment.

2. "Document" means and refers to all things that come within the definition of "document" contained in Federal Rule of Civil Procedure 34(a)(1), including without limitation, documents of any kind, however reproduced and however transcribed; electronic recordings of any kind, including computer program files, data files, source code, CD-ROM or electronic mail; photographs or other visual or audio-visual recording of any kind, including still or motion pictures, microfilm, microfiche, videotapes or laser discs; and sound recording of any kind, including voice mail, cassette, microcassettes, or compact discs. Every original draft, iteration or non-identical copy is a separate Document as that term is used herein.

3. "Confidential Document" shall mean Documents that are confidential and/or proprietary to a party that have not been publicly disclosed and that the Producing Party (as defined below) designates as "Confidential" or "Confidential – Attorneys' Eyes Only" in the manner set forth in this Discovery Order; provided, however, that by agreeing to this Discovery Order, no party waives the right to challenge any other party's designation of any Document as "Confidential" or "Confidential – Attorneys' Eyes Only."

4. "Confidential Information" shall mean confidential and/or proprietary information that has not been made available to the general public that concerns or

relates to proprietary, business and financial information, and/or any other information that the Producing Party contends should be protected from disclosure and that may be subject to a protective order under applicable law.

5. "Designating Party" shall mean the party in this Action designating a Document as "Confidential" or "Confidential – Attorneys' Eyes Only."

6. "Producing Party" shall mean the party producing Documents or providing testimony or other written discovery responses in the Action, whether informally or pursuant to the Federal Rules of Civil Procedure and any other applicable laws or rules of court.

7. "Legend" as used herein shall mean a stamp or similar insignia stating "Confidential" or "Confidential – Attorneys' Eyes Only," or other appropriate term or terms identifying the level of confidentiality of the Document.

8. When reference is made in this Discovery Order to any Document, the singular shall include the plural, and plural shall include the singular.

**B.  TERMS OF THE DISCOVERY ORDER**

1. Consumer Information

The Parties understand that the Fair Credit Reporting Act, as well as other federal and state laws and court rules, may limit the disclosure of certain customer data in the Parties' possession, and the Parties agree to comply with all such laws and regulations.

2. Designation of Documents

a. Any Producing Party may designate non-publicly disclosed Documents as "Confidential" that the party reasonably and in good faith believes contains or refers to Confidential Information. Further, any Producing Party may designate non-publicly disclosed Documents as "Confidential – Attorneys' Eyes Only" that the Designating Party reasonably and in good faith asserts contains highly sensitive, competitive, confidential and/or proprietary business and/or financial information the

disclosure of which to the adverse party would tend to create a competitive advantage to that party in the market, and that therefore cannot be disclosed to anyone other than those persons set forth in Section B.2.c below without prejudicing the Designating Party.

    b.    The Producing Party may designate a Document as "Confidential" or "Confidential – Attorneys' Eyes Only" by affixing the appropriate Legend to all copies of the Document at the time of production, and/or by including such designation in an appropriate metadata field with the production of Electronically Stored Information. The Producing Party must make Document designations at the time of production or within a reasonable time thereafter if such designations are inadvertently omitted.

    c.    A party may designate as "Confidential" or "Confidential – Attorneys' Eyes Only" a Confidential Document produced by someone else by informing in writing all parties of the bates number of such Document within seven (7) days of that party's receipt of the Document or within seven (7) days of the entry of this Discovery Order, whichever is later. All parties receiving written notice of such designation shall affix the appropriate Legend to all pages of any copy or copies of such Document in their possession.

    d.    Any party may designate a deposition or hearing transcript (or any portion thereof or exhibit thereto) as "Confidential" or "Confidential – Attorneys' Eyes Only" by: (i) making such designation on the record during the deposition or hearing (in which case the stenographer shall affix the appropriate Legend to the cover page and all designated pages of the transcript and all copies thereof); or (ii) informing counsel for all other parties of such designation in writing within seven (7) days after receipt of the transcript (in which case any party in possession of an original or copy of the transcript shall affix the appropriate Legend to the cover page and all designated pages and exhibits).

3. Provisions and Limitations of Use

a. All Confidential Documents in this Action shall be used solely for purposes of the prosecution, defense, or settlement of this Action, including without limitation discovery, motions, briefs, and preparation for the trial, and for no other purpose, except as otherwise stated within this Discovery Order. This Discovery Order does not affect the admissibility or the use of Confidential Documents or Confidential Information.

b. Unless the Designating Party agrees otherwise, and subject to the other provisions of this Discovery Order, Documents designated "Confidential" and any summaries, charts or notes made therefrom, and any facts or information contained therein or derived therefrom, shall not be disclosed to any person except: (i) the Court and its officers; (ii) Designated Counsel of record and employees of Designated Counsel of record; (iii) the parties to this Action (including any current employees, agents, officers or directors of such parties); (iv) independent contractors, experts, consultants or advisors who are employed or retained by, or on behalf of, any of the parties or counsel for the parties to this Action to assist in preparation of the trial; (v) stenographic reporters who are involved in depositions or any Court hearings or proceedings; (vi) copy service vendors; and (vii) any other person as to whom the parties agree in writing that disclosure is appropriate.

c. Unless the Designating Party agrees otherwise, and subject to the other provisions of this Discovery Order, Documents designated "Confidential – Attorneys' Eyes Only" and any summaries, charts or notes made therefrom, and any facts or information contained therein or derived therefrom, shall not be disclosed to any persons except: (i) the Court and its officers; (ii) Designated Counsel of record and employees of Designated Counsel of record; (iii) independent contractors, experts, consultants or advisors who are employed or retained by, or on behalf of, any of the parties or counsel for the parties to this Action to assist in preparation of the trial; (iv) stenographic reporters who are involved in depositions or any Court hearings or

proceedings; (v) copy service vendors; and (vi) any other person as to whom the parties agree in writing that disclosure is appropriate. Documents designated "Confidential – Attorneys' Eyes Only" and any summaries, charts or notes made therefrom, and any facts or information contained therein or derived therefrom, shall not be disclosed to in-house counsel.

    d.    "Designated Counsel" as set forth in Section B.3.b.(ii) and B.3.c.(ii) above are limited to counsel of record in this Action. Other than persons as expressly set forth in this Section, no other counsel shall be permitted access to Documents designated "Confidential – Attorney's Eyes Only" in this Action unless otherwise agreed to by all of the parties in writing. "Designated Counsel" does not include in-house counsel.

    e.    Documents designated "Confidential – Attorneys' Eyes Only" shall not be disclosed to a party, or to any officer, director, employee or agent of a party, unless otherwise agreed by the Designating Party or Parties in writing.

    4.    Duty to Inform of Order. Unless the Designating Party agrees otherwise, Documents designated "Confidential" may be disclosed to persons referred to in categories, (i), (v), and (vi) of Section B.3.b, and Documents designated "Confidential -- Attorneys' Eyes Only" may be disclosed to persons referred to in categories, (i), (iv), and (v) of Section B.3.c, only after such persons have been provided with, and have reviewed, a copy of this Discovery Order.

    5.    Persons Required to Sign Order. Unless the Designating Party agrees otherwise, Documents designated "Confidential" may be disclosed to persons referred to in categories (ii), (iii), and (vii) of Section B.3.b, and Documents designated "Confidential -- Attorneys' Eyes Only" may be disclosed to persons referred to in category (ii), (iii), and (vi) of Section B.3.c, only after such persons have been provided with a copy of this Discovery Order and have signed the certification attached hereto as Exhibit A. This certification shall be retained by the counsel to the party disclosing the Confidential Documents or Confidential

Information to such persons, and shall not be discoverable by any other party unless a dispute arises concerning an alleged violation of this Discovery Order.

6. **Copies.** Any person who obtains access to material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" under this Stipulated Discovery Order shall not make copies, abstracts, extracts, analyses, summaries, or other materials which contain, reflect or disclose Confidential Information, except for use in this litigation, and each such copy, abstract, extract, analysis, summary, or other material which contains, reflects, or discloses Confidential Information is to be treated in accordance with the provisions of this Stipulated Discovery Order. All copies of material marked "Confidential" or "Confidential – Attorneys' Eyes Only" in accordance with Paragraph B.2 of this Order shall again be marked with the respective designation if the original mark was not reproduced in the duplicating process. In the event that copies are made in accordance with the foregoing, all such copies shall constitute, and be treated as, "Confidential" or "Confidential – Attorneys' Eyes Only" Documents as provided in this Discovery Order. Any person making, or causing to be made, copies of any "Confidential" or "Confidential – Attorneys' Eyes Only" Documents, shall make certain that each copy bears the appropriate Legend pursuant to the requirements of this Discovery Order.

7. **Agreement to Maintain Confidentiality.** Unless and until otherwise ordered by the Court, or otherwise agreed by the parties, all Documents designated as "Confidential" or "Confidential – Attorneys' Eyes Only" shall be treated as such under this Discovery Order.

8. **Objections to Designation.** Following the receipt of Documents marked "Confidential" or "Confidential – Attorneys' Eyes Only," any party to the Action may object to the designation of such Document and seek a modification of such designation by serving a written objection on the Designating Party. Thereafter, the objecting party shall first make a good-faith effort to resolve such dispute with counsel for the Designating Party. If the objecting party and the Designating Party

are unable to resolve the objection, the objecting party shall move the Court for an order with respect to the disputed information. The objecting party's obligation to seek de-designation of Documents does not affect the Designating Party's burden to show that the Document is correctly designated as "Confidential" or "Confidential-Attorneys' Eyes Only." In the event that any party files a motion to release a Document from a designation as "Confidential" or "Confidential-Attorneys' Eyes Only," the motion must be filed under seal to the extent it discloses designated information, in accordance with the procedure set forth in Central District of California Local Rule 79-5.1.

9. **Separate Discovery Order or Modification of This Discovery Order.** This Discovery Order shall be without prejudice to the right of the parties to the Action to present a motion to the Court for a separate protective order as to any particular Document or information, including restrictions differing from those specified in this Discovery Order. In addition, this Discovery Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Discovery Order.

10. **Additional Disclosure.** If counsel wish to disclose "Confidential" or "Confidential – Attorneys' Eyes Only" material to any person not identified in paragraph B.3.b. or B.3.c. above, including without limitation, a party that produced the "Confidential" or "Confidential – Attorneys' Eyes Only" material, or any third party who was the author or recipient of material produced in this litigation that is designated "Confidential" or "Confidential – Attorneys' Eyes Only," they must proceed in the following manner: the names of the persons to whom "Confidential" or "Confidential – Attorneys' Eyes Only" material is to be disclosed shall be provided in writing to lead counsel for the Designating Party, along with the basis for their need to know, and a description with reasonable specificity of the confidential material to be disclosed. Counsel for the Designating Party shall have seven (7) court days to object to such disclosure in writing. If an objection to the disclosure is

asserted by counsel to the Designating Party, the party wishing to disclose the confidentially-designated materials must apply for relief to the Court. Such material shall not be disclosed pending a decision by the Court on such motion. Prior to the disclosure of confidential material to any such person, the person must agree to be bound by the terms of this Stipulated Discovery Order by signing the certification in the form of Exhibit A hereto. By such execution, the person represents that he or she understands the terms of this Stipulated Discovery Order and that he or she agrees to be bound by its terms. The person will be shown only such identified "Confidential" or "Confidential – Attorneys' Eyes Only" material as is essential to enable him or her to render the assistance required.

11.   Filing Confidential Material. No "Confidential" or Confidential – Attorneys' Eyes Only" material shall be filed in the public record of this action. All material so designated in accordance with the terms of this Stipulated Discovery Order that is filed with the Court, and any pleadings, motions or other papers containing confidential material, shall be filed in accordance with the procedures set forth in Central District of California Local Rule 79-5.1.

12.   Inadvertent Production or Disclosure of Confidential Documents or Information. The inadvertent production or disclosure of Confidential Documents or Information by a Producing Party shall not constitute a waiver of any claim of confidentiality where (a) the Producing Party notifies the receiving party in writing of such inadvertent disclosure within ten (10) business days of becoming aware of such disclosure, and (b) within thirty (30) days of such notice, the Producing Party provides properly redesignated Documents to the receiving party. During the thirty (30) day period after notice, the materials shall be treated as designated in the Producing Party's notice. Upon receipt of properly redesignated Documents, the receiving party shall return all unmarked or incorrectly designated Documents to the Producing Party within five (5) business days. All parties, however, reserve all rights to challenge the confidential status of such inadvertent production or disclosure.

13. **Inadvertent Disclosure of Confidential Documents or Information to Third Parties.** Upon learning that Confidential Documents or Information have been inadvertently disclosed by a receiving party to any person or party not authorized to receive them by this Discovery Order, then the receiving party shall: (a) immediately notify the Designating Party; (b) use its best efforts to obtain the return of any such Confidential Documents or Information and to bind such person or party to the terms of this Agreement; (c) within seven (7) business days of the discovery of such disclosure, inform such person or party of all provisions of this Agreement and identify such person or party to the Designating Party; and (d) request such person or party to sign the certification attached hereto as Exhibit A. The executed certification shall be served upon counsel for the Designating Party within ten (10) business days of its execution by the party to whom the Confidential Documents or Information was inadvertently disclosed. Nothing in this Paragraph is intended to limit the remedies that the Designating Party may pursue for breach of this Discovery Order.

14. **Subpoena of Confidential Document or Confidential Information.** If at any time any Confidential Document or Confidential Information is subpoenaed, or otherwise requested by any other person or entity purporting to have authority to require the production of any such Document or information, the party to whom the subpoena or other request is directed shall give written notice within three (3) business days thereof to the Designating Party and shall make no disclosure unless seven (7) court days have elapsed from the date on which written notice was given without objection by the Designating Party or unless the Designating Party has consented in writing.

15. **Continuation of Protection After Disposition.** The termination of proceedings in the Action shall not relieve any of the parties from the obligation of maintaining the confidentiality of all Confidential Documents and Confidential Information produced and designated pursuant to this Discovery Order, unless all of the parties to the Action agree otherwise. The Court shall retain jurisdiction to

resolve any dispute concerning the use of information disclosed hereunder. Upon the final disposition of the Action, the parties shall automatically promptly return any Confidential Documents (and all copies made thereof) to the Producing Party from whom such Documents were obtained or shall certify the destruction thereof; provided, however, that the parties shall be entitled to keep in their possession any court filings, deposition transcripts or hearing transcripts, all of which shall continue to be governed by this Discovery Order.

16.   Inadvertent Production of Privileged or Protected Documents. If information subject to a claim of attorney-client privilege or work product protection is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product protection for such information. If a party has inadvertently produced information subject to a claim of privilege or protection, upon written request made by the Producing Party within ten (10) business days of discovery of such inadvertent production, the information for which a claim of inadvertent production is made, including all copies, shall be returned within seven (7) business days of such request unless the receiving party intends to challenge the Producing Party's assertion of privilege or protection. All copies of inadvertently produced Documents shall be destroyed, and any Document or material information reflecting the contents of the inadvertently produced information shall be expunged. If a receiving party objects to the return of such information within the seven (7) business day period described above, the Producing Party may move the Court for an order compelling the return of such information. Pending the ruling, a receiving party may retain the inadvertently produced Documents in a sealed envelope and shall not make any use of such information.

17.   Format for Production of Electronically Stored Information. The Producing Party shall produce electronically stored information ("ESI") documents in formats reasonably useable to the receiving party, without the need to create

databases and data fields that do not already exist. The parties shall produce ESI as single-page TIFF images with associated information including metadata in a Concordance load file that shall include: (1) Begin Bates, (2) End Bates, (3) Begin Attachment, (4) End Attachment, (5) Custodian, and (6) level of confidentiality, if any (e.g., "Confidential – Attorneys' Eyes Only"). ESI not reasonably useable as single-page TIFF images, such as audiovisual data, large spreadsheets, or database information, shall be produced in native format.

In addition, the Producing Party shall produce at least the following metadata concerning emails: (1) Date Sent, (2) To, (3) From, (4) CC, (5) BCC, (6) Subject, and (7) Full Text. For all other ESI, the Producing Party shall produce at least the following metadata: (1) File Name, (2) Date Last Modified, and (3) Full Text.

Upon reasonable request in writing, the parties shall produce in native format ESI previously produced as single-page TIFF images with metadata, if such data are not reasonably useable. The party receiving the request to produce in native format shall have seven (7) court days from such request to object to production in native format. If an objection is asserted, the party requesting the production in native format must apply for relief to the Court. The requesting party's obligation to move for a Court order does not affect any burden of the party receiving the request to show good cause to resist discovery of ESI.

A party that has produced, prior to the applicable discovery cutoff date, ESI as black-and-white single-page TIFF images may produce such ESI as color single-page TIFF images, at any time prior to the date the parties submit their joint exhibit list to

///
///
///
///
///
///

the Court in this action in accordance with the applicable rules and Court order(s), as reasonably necessary for trial or motion practice.

**IT IS SO ORDERED.**

DATED: _____5/12_____, 2009

By: _____
~~HON. DAVID O. CARTER~~
~~United States District Court Judge~~

**MARC L. GOLDMAN**
**U. S. MAGISTRATE JUDGE**

# Exhibit A

# EXHIBIT A
# NON-DISCLOSURE CERTIFICATION

I, _____, hereby declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Order Concerning Discovery and Confidentiality ("Discovery Order") that was issued by the United States District Court for the Central District of California in the case entitled, *ConsumerInfo.Com, Inc. v. Jesse Willms et al.*, United States District Court for the Central District of California, Case No. SA CV 09-0055 DOC (MLGx). I agree to comply with and to be bound by all the terms of this Discovery Order and I understand and acknowledge that failure to so comply may expose me to sanctions and punishment in the nature of contempt. I agree that I will not disclose in any manner any information or item that is subject to this Discovery Order to any person or entity except in compliance with the Discovery Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Discovery Order, even if such enforcement proceedings occur after termination of this action.

Dated:


SIGNATURE: _____