1   **KRONENBERGER BURGOYNE, LLP**

2   Karl S. Kronenberger (Bar No. 226112)
    Jeffrey M. Rosenfeld (Bar No. 222187)

3   150 Post Street, Suite 520
    San Francisco, CA 94108

4   Telephone:  (415) 955-1155

5   Facsimile:   (415) 955-1158

6   karl@KBInternetLaw.com
    jeff@KBInternetLaw.com

7

8   Attorneys for Defendants and Cross-Plaintiffs
    JESSE WILLMS and EDIRECT

9

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12

13  **CONSUMERINFO.COM, INC.,** a            CASE NO. SACV09-0055 DOC
    California corporation,                   (MLGx)

14
                                             **DEFENDANTS WILLMS'S AND**
15          Plaintiff,                        **EDIRECT'S ANSWER TO FIRST**
        v.                                    **AMENDED COMPLAINT**

16
    **JESSE WILLMS**, an individual;
17  **EDIRECT**, a Canadian partnership;      **JURY TRIAL DEMANDED**
    **1016363 ALBERTA LTD.**, a

18  Canadian Corporation; **1021018**
    **ALBERTA LTD.**, a Canadian

19  Corporation; all doing business as
    "**WU-YI SOURCE**," "**JUST THINK**

20  **MEDIA**," and "**CREDIT REPORT**
    **AMERICA**,"

21
            Defendants.
22

23
    **JESSE WILLMS** and **EDIRECT**,
24
            Cross-Plaintiffs,
25      v.

26
    **COMSUMERINFO.COM, INC.**,
27
            Cross-Defendant.
28

CASE NO. SACV09-0055 DOC (MLGx)              **WILLMS'S AND EDIRECT'S ANSWER TO**
                                             **FIRST AMENDED COMPLAINT**

*(left margin, rotated)* KRONENBERGER BURGOYNE, LLP  150 Post Street, Suite 520  San Francisco, CA 94108  www.KBInternetLaw.com

# ANSWER

Defendants and Cross-Plaintiffs Jesse Willms ("Willms") and eDirect (collectively, "Defendants"), by and through their counsel, Kronenberger Burgoyne, LLP, as and for their Answer to Plaintiff ConsumerInfo.com, Inc. ("ConsumerInfo")'s First Amended Complaint ("FAC"), deny each and every allegation not specifically addressed herein, and admit, aver, and deny as set forth below.

## PARTIES

1.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and on that basis, deny the same.

2.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and on that basis, deny the same.

3.    Defendants admit the allegations in Paragraph 3.

4.    Defendants admit the allegations in Paragraph 4.

5.    Defendants admit the allegations in Paragraph 5.

6.    Defendants admit the allegations in Paragraph 6.

7.    Defendants deny the allegations in Paragraph 7.

8.    The allegations contained in Paragraph 8 call for a conclusion of law to which no response is required.  To the extent that a response is required, Defendants deny the same.

## JURISDICTION AND VENUE

9.    The allegations contained in Paragraph 9 call for a conclusion of law to which no response is required.  To the extent that a response is required, Defendants deny the same.

10.    The allegations contained in Paragraph 10 call for a conclusion of law to which no response is required.  To the extent that a response is

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1   required, Defendants deny the same.

2   11.   Defendants admit that the Court has personal jurisdiction over
3   Defendants.   Defendants deny each and every remaining allegation in
4   Paragraph 11.

5   12.   The allegations contained in Paragraph 12 call for a conclusion
6   of law to which no response is required.   To the extent that a response is
7   required, Defendants deny the same.

8   13.   The allegations contained in Paragraph 13 call for a conclusion
9   of law to which no response is required.   To the extent that a response is
10  required, Defendants deny the same.

11                    **GENERAL ALLEGATIONS**

12              **ConsumerInfo and the Trademarks at Issue**

13  14.   Defendants admit the allegations in Paragraph 14.

14  15.   Defendants admit that ConsumerInfo owns and operates the
15  website FreeCreditReport.com.  Defendants deny each and every remaining
16  allegation in Paragraph 15.

17  16.   Defendants admit that ConsumerInfo holds a registration on the
18  U.S.   PTO's   Principal-2(F)   Trademark   Register   for   the   trademark
19  FREECREDITREPORT.COM.  Defendants admit that ConsumerInfo holds a
20  registration  on  the  U.S.  PTO's  Principal  Trademark  Register  for  the
21  trademark  TRIPLE  ADVANTAGE.   Defendants  deny  each  and  every
22  remaining allegation in Paragraph 16.

23  17.   Defendants deny knowledge or information sufficient to form a
24  belief as to the truth of the allegations in Paragraph 17, and on that basis,
25  deny the same.

26  18.   Defendants deny knowledge or information sufficient to form a
27  belief as to the truth of the allegations in Paragraph 18, and on that basis,
28  deny the same.

19.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and on that basis, deny the same.

20.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and on that basis, deny the same.

21.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and on that basis, deny the same.

22.    Defendants deny the allegations in Paragraph 22.

23.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and on that basis, deny the same.

24.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and on that basis, deny the same.

25.    Defendants deny the allegations in Paragraph 25.

26.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and on that basis, deny the same.

27.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and on that basis, deny the same.

28.    Defendants admit that Experian Information Solutions, Inc. holds a registration on the U.S. PTO's Principal Trademark Register for the trademark EXPERIAN.    Defendants deny each and every remaining allegation in Paragraph 28.

29.    Defendants admit that they offer various credit reporting

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

services.    Defendants deny each and every remaining allegation in Paragraph 29.

30.    Defendants admit that they own and operated the websites located at CreditReportAmerica.com and FreeReportCheck.com (the "CRA Websites"), through which they offered various credit reporting services. These websites are no longer active.  Defendants deny each and every remaining allegation in Paragraph 30.

31.    Defendants deny the allegations in Paragraph 31.

32.    Defendants admit that they began operating the CRA Websites in 2008.    Defendants deny each and every remaining allegation in Paragraph 32.

33.    Defendants deny the allegations in Paragraph 33.

34.    Defendants admit that CreditReportAmerica.com's homepage featured a red and blue logo on a white background, and depicts a United States flag.  Defendants also admit that the CRA Websites' homepages display or have displayed five testimonials from United States residents, one of which is from a "David Morrow" from Antioch, California.  Defendants deny each and every remaining allegation in Paragraph 34.

35.    Defendants admit the allegations in Paragraph 35.

36.    Defendants admit the allegations in Paragraph 36.

37.    Defendants deny the allegations in Paragraph 37.

38.    Defendants deny the allegations in Paragraph 38.

39.    Defendants admit that they have retained the services of one or more affiliate marketers ("Affiliates") who operate various websites, bid on various search engine keywords, and post various sponsored link advertisements to direct online consumers to the CreditReportAmerica.com website, through which Defendants offer various credit reporting services. Defendants deny each and every remaining allegation in Paragraph 39.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

40.     Defendants admit that its Affiliates have operated websites at CreditReportAmerica.net, FreeEquifaxCreditReport.net, The-Free-Credit-Report.info, CreditReportAllFree.com, and other domains, some of which contain link(s) to the CreditReportAmerica.com website. Defendants deny each and every remaining allegation in Paragraph 40.

41.     Defendants deny the allegations in Paragraph 41.

42.     Defendants deny having used ConsumerInfo's trademark on their web pages. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38 regarding Defendants' Affiliates, and on that basis, deny the same. Defendants deny each and every remaining allegation in Paragraph 42.

43.     Defendants deny the allegations in Paragraph 43.

44.     Defendants admit that they referenced Experian Holdings, Inc. on the CRA Websites. Defendants deny each and every remaining allegation in Paragraph 44.

45.     Defendants deny the allegations in Paragraph 45.

46.     Defendants deny prominently advertising that they have been "Seen On" various television channels including CNN, CNBC, NBC, CBS, and Fox. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46, and on that basis, deny the same.

47.     Defendants admit that the CRA Websites display stylized logos for MSN, CNN, MSN, and CNBC. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the contents of the "affiliated websites," and on that basis, deny the same. The remaining allegations contained in Paragraph 47 call for a conclusion of law to which no response is required. To the extent that a response is required, Defendants deny the same.

48.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, and on that basis, deny the same.

49.    Defendants admit that they do not own a registered trademark in the term "FreeCreditReport."    Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49, and on that basis, deny the same.

50.    Defendants deny that they purchase and use the term TRIPLE ADVANTAGE as a search engine keyword or use that term in the headings and text of sponsored link advertisements.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50, and on that basis, deny the same.

51.    Defendants    deny    that    they    use    the FREECREDITREPORT.COM, TRIPLE ADVANTAGE, or confusingly similar terms as search engine keywords or in the headings and text of sponsored link advertisements.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Defendants' Affiliates, and on that basis, deny the same.    The remaining allegations contained in Paragraph 51 call for a conclusion of law to which no response is required.    To the extent that a response is required, Defendants deny the same.

52.    Defendants deny the allegations in Paragraph 52.

53.    Defendants admit that commencing in September 2008, Defendants have received at least four letters from ConsumerInfo. Defendants deny each and every remaining allegation in Paragraph 53

54.    The allegations contained in Paragraph 54 call for a conclusion of law to which no response is required.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1    allegations in Paragraph 54 regarding Defendants' Affiliates, and on that

2    basis, deny the same.

3         55.    The allegations contained in Paragraph 55 call for a conclusion

4    of law to which no response is required.    Defendants deny knowledge or

5    information sufficient to form a belief as to the truth of the remaining

6    allegations in Paragraph 55 regarding Defendants' Affiliates, and on that

7    basis, deny the same.

8         56.    The allegations contained in Paragraph 56 call for a conclusion

9    of law to which no response is required.  Defendants deny the allegations in

10    Paragraph 56.

11         57.    Defendants deny the allegations in Paragraph 57.

### FIRST CLAIM FOR RELIEF

### TRADEMARK AND TRADE DRESS INFRINGEMENT UNDER THE LANHAM ACT

15         58.    In response to Paragraph 58, Defendants incorporate their

16    responses to Paragraphs 1 through 57, inclusive, with the same force and

17    effect as if fully set forth herein.

18         59.    The allegations contained in Paragraph 59 call for a conclusion

19    of law to which no response is required.  To the extent that a response is

20    required, Defendants deny the same.

21         60.    Defendants admit that ConsumerInfo holds a registration on the

22    U.S. PTO's Principal-2(F) Trademark Register for the trademark

23    FREECREDITREPORT.COM.  Defendants admit that ConsumerInfo holds a

24    registration on the U.S. PTO's Principal Trademark Register for the

25    trademark TRIPLE ADVANTAGE.    Defendants deny each and every

26    remaining allegation in Paragraph 60.

27         61.    The allegations contained in Paragraph 61 call for a conclusion

28    of law to which no response is required.  To the extent that a response is

1   required, Defendants deny the same.

2        62.   Defendants deny the allegations in Paragraph 62.

3        63.   Defendants deny the allegations in Paragraph 63.

4        64.   Defendants deny the allegations in Paragraph 64.

5        65.   The allegations contained in Paragraph 65 call for a conclusion

6   of law to which no response is required.  To the extent that a response is

7   required, Defendants deny the same.

8        66.   Defendants deny the allegations in Paragraph 66.

9        67.   The allegations contained in Paragraph 67 call for a conclusion

10  of law to which no response is required.  To the extent that a response is

11  required, Defendants deny the same.

12       68.   The allegations contained in Paragraph 68 call for a conclusion

13  of law to which no response is required.  To the extent that a response is

14  required, Defendants deny the same.

15       69.   The allegations contained in Paragraph 69 call for a conclusion

16  of law to which no response is required.  To the extent that a response is

17  required, Defendants deny the same.

18                    **SECOND CLAIM FOR RELIEF**

19  **FALSE ADVERTISING UNDER THE LANHAM ACT, 15 U.S.C. §1125**

20       70.   In response to Paragraph 70, Defendants incorporate their

21  responses to Paragraphs 1 through 69, inclusive, with the same force and

22  effect as if fully set forth herein.

23       71.   The allegations contained in Paragraph 71 call for a conclusion

24  of law to which no response is required.  To the extent that a response is

25  required, Defendants deny the same.

26       72.   Defendants deny the allegations in Paragraph 72.

27       73.   Defendants deny the allegations in Paragraph 73.

28       74.   The allegations contained in Paragraph 74 call for a conclusion

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1  of law to which no response is required.  To the extent that a response is
2  required, Defendants deny the same.

3      75.   The allegations contained in Paragraph 75 call for a conclusion
4  of law to which no response is required.  To the extent that a response is
5  required, Defendants deny the same.

6      76.   The allegations contained in Paragraph 76 call for a conclusion
7  of law to which no response is required.  To the extent that a response is
8  required, Defendants deny the same.

9                        **THIRD CLAIM FOR RELIEF**

10  **UNFAIR COMPETITION UNDER THE LANHAM ACT15 U.S.C. §1125**

11      77.   In response to Paragraph 77, Defendants incorporate their
12  responses to Paragraphs 1 through 76, inclusive, with the same force and
13  effect as if fully set forth herein.

14      78.   The allegations contained in Paragraph 78 call for a conclusion
15  of law to which no response is required.  To the extent that a response is
16  required, Defendants deny the same.

17      79.   Defendants deny the allegations in Paragraph 79.

18      80.   The allegations contained in Paragraph 80 call for a conclusion
19  of law to which no response is required.  To the extent that a response is
20  required, Defendants deny the same.

21      81.   The allegations contained in Paragraph 81 call for a conclusion
22  of law to which no response is required.  To the extent that a response is
23  required, Defendants deny the same.

24      82.   The allegations contained in Paragraph 82 call for a conclusion
25  of law to which no response is required.  To the extent that a response is
26  required, Defendants deny the same.

27  //

28  //

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

CASE NO. SACV09-0055 DOC (MLGx)          9          **WILLMS'S AND EDIRECT'S ANSWER TO FIRST AMENDED COMPLAINT**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FOURTH CLAIM FOR RELIEF

## DILUTION UNDER THE LANHAM ACT, 15 U.S.C. §1125(c)

83.    In response to Paragraph 83, Defendants incorporate their responses to Paragraphs 1 through 82, inclusive, with the same force and effect as if fully set forth herein.

84.    The allegations contained in Paragraph 84 call for a conclusion of law to which no response is required.  To the extent that a response is required, Defendants deny the same.

85.    Defendants deny the allegations in Paragraph 85.

86.    Defendants deny the allegations in Paragraph 86.

87.    Defendants deny the allegations in Paragraph 87.

88.    Defendants deny the allegations in Paragraph 88.

89.    Defendants deny the allegations in Paragraph 89.

90.    Defendants deny the allegations in Paragraph 90.

91.    The allegations contained in Paragraph 91 call for a conclusion of law to which no response is required.  To the extent that a response is required, Defendants deny the same.

92.    The allegations contained in Paragraph 92 call for a conclusion of law to which no response is required.  To the extent that a response is required, Defendants deny the same.

93.    The allegations contained in Paragraph 93 call for a conclusion of law to which no response is required.  To the extent that a response is required, Defendants deny the same.

## FIFTH CLAIM FOR RELIEF

## COUNTERFEITING UNDER THE LANHAM ACT, 15 U.S.C. §1114(1)

94.    In response to Paragraph 94, Defendants incorporate their responses to Paragraphs 1 through 93, inclusive, with the same force and effect as if fully set forth herein.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1    95.    Defendants deny the allegations in Paragraph 95.

2    96.    The allegations contained in Paragraph 96 call for a conclusion

3    of law to which no response is required.  To the extent that a response is

4    required, Defendants deny the same.

5    97.    The allegations contained in Paragraph 97 call for a conclusion

6    of law to which no response is required.  To the extent that a response is

7    required, Defendants deny the same.

8    98.    The allegations contained in Paragraph 98 call for a conclusion

9    of law to which no response is required.  To the extent that a response is

10   required, Defendants deny the same.

11   99.    The allegations contained in Paragraph 99 call for a conclusion

12   of law to which no response is required.  To the extent that a response is

13   required, Defendants deny the same.

14   100.  Defendants deny knowledge or information sufficient to form a

15   belief as to the truth of the allegations in Paragraph 100, and on that basis,

16   deny the same.

17   101.  Defendants deny the allegations in Paragraph 101.

18   102.  The allegations contained in Paragraph 102 call for a conclusion

19   of law to which no response is required.  To the extent that a response is

20   required, Defendants deny the same.

21   103.  The allegations contained in Paragraph 103 call for a conclusion

22   of law to which no response is required.  To the extent that a response is

23   required, Defendants deny the same.

24   104.  The allegations contained in Paragraph 104 call for a conclusion

25   of law to which no response is required.  To the extent that a response is

26   required, Defendants deny the same.

27   105.  The allegations contained in Paragraph 105 call for a conclusion

28   of law to which no response is required.  To the extent that a response is

1  required, Defendants deny the same.

2      106.  The allegations contained in Paragraph 106 call for a conclusion

3  of law to which no response is required.  To the extent that a response is

4  required, Defendants deny the same.

5                    **SIXTH CLAIM FOR RELIEF**

6            **VICARIOUS LIABILITY UNDER THE LANHAM ACT**

7      107.  In response to Paragraph 107, Defendants incorporate their

8  responses to Paragraphs 1 through 106, inclusive, with the same force and

9  effect as if fully set forth herein.

10     108.  Defendants deny the allegations in Paragraph 108.

11     109.  Defendants deny the allegations in Paragraph 109.

12     110.  Defendants deny the allegations in Paragraph 110.

13     111.  Defendants deny the allegations in Paragraph 111.

14     112.  Defendants deny the allegations in Paragraph 112

15     113.  Defendants deny the allegations in Paragraph 113.

16     114.  The allegations contained in Paragraph 114 call for a conclusion

17  of law to which no response is required.  To the extent that a response is

18  required, Defendants deny the same.

19     115.   The allegations contained in Paragraph 115 call for a conclusion

20  of law to which no response is required.  To the extent that a response is

21  required, Defendants deny the same.

22     116.  The allegations contained in Paragraph 116 call for a conclusion

23  of law to which no response is required.  To the extent that a response is

24  required, Defendants deny the same.

25     117.  The allegations contained in Paragraph 117 call for a conclusion

26  of law to which no response is required.  To the extent that a response is

27  required, Defendants deny the same.

28     118.  The allegations contained in Paragraph 118 call for a conclusion

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

of law to which no response is required.  To the extent that a response is
required, Defendants deny the same.

**SEVENTH CLAIM FOR RELIEF**

**CONTRIBUTORY LIABILITY UNDER THE LANHAM ACT,**

**15. U.S.C.§§ 1114, 1125**

119.  In response to Paragraph 119, Defendants incorporate their
responses to Paragraphs 1 through 118, inclusive, with the same force and
effect as if fully set forth herein.

120.  The allegations contained in Paragraph 120 call for a conclusion
of law to which no response is required.  To the extent that a response is
required, Defendants deny the same.

121.  The allegations contained in Paragraph 121 call for a conclusion
of law to which no response is required.  To the extent that a response is
required, Defendants deny the same.

122.  The allegations contained in Paragraph 122 call for a conclusion
of law to which no response is required.  To the extent that a response is
required, Defendants deny the same.

123.  The allegations contained in Paragraph 123 call for a conclusion
of law to which no response is required.  To the extent that a response is
required, Defendants deny the same.

124.  Defendants deny the allegations in Paragraph 124.

125.  Defendants deny the allegations in Paragraph 125.

126.  Defendants deny the allegations in Paragraph 126.

127.  The allegations contained in Paragraph 127 call for a conclusion
of law to which no response is required.  To the extent that a response is
required, Defendants deny the same.

128.  The allegations contained in Paragraph 128 call for a conclusion
of law to which no response is required.  To the extent that a response is

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1    required, Defendants deny the same.

2        129.  The allegations contained in Paragraph 129 call for a conclusion

3    of law to which no response is required.  To the extent that a response is

4    required, Defendants deny the same.

5        130.  The allegations contained in Paragraph 130 call for a conclusion

6    of law to which no response is required.  To the extent that a response is

7    required, Defendants deny the same.

8        131.  The allegations contained in Paragraph 131 call for a conclusion

9    of law to which no response is required.  To the extent that a response is

10   required, Defendants deny the same.

11                     **EIGHTH CLAIM FOR RELIEF**

12             **COMMON LAW TRADEMARK INFRINGEMENT**

13       132.  In response to Paragraph 132, Defendants incorporate their

14   responses to Paragraphs 1 through 131, inclusive, with the same force and

15   effect as if fully set forth herein.

16       133.  The allegations contained in Paragraph 133 call for a conclusion

17   of law to which no response is required.  To the extent that a response is

18   required, Defendants deny the same.

19       134.  The allegations contained in Paragraph 134 call for a conclusion

20   of law to which no response is required.  To the extent that a response is

21   required, Defendants deny the same.

22       135.  Defendants deny the allegations in Paragraph 135.

23       136.  Defendants deny the allegations in Paragraph 136.

24       137.  The allegations contained in Paragraph 137 call for a conclusion

25   of law to which no response is required.  To the extent that a response is

26   required, Defendants deny the same.

27       138.  The allegations contained in Paragraph 138 call for a conclusion

28   of law to which no response is required.  To the extent that a response is

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

required, Defendants deny the same.

## NINTH CLAIM FOR RELIEF

### COPYRIGHT INFRINGEMENT, 17 U.S.C. § 501 *et seq.*

139.  In response to Paragraph 139, Defendants incorporate their responses to Paragraphs 1 through 138, inclusive, with the same force and effect as if fully set forth herein.

140.  The allegations contained in Paragraph 140 call for a conclusion of law to which no response is required.  To the extent that a response is required, Defendants deny the same.

141.  The allegations contained in Paragraph 141 call for a conclusion of law to which no response is required. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations.   To the extent that a response is required, Defendants deny the same.

142.  The allegations contained in Paragraph 142 call for a conclusion of law to which no response is required.  To the extent that a response is required, Defendants deny the same.

143.  The allegations contained in Paragraph 143 call for a conclusion of law to which no response is required. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations.   To the extent that a response is required, Defendants deny the same.

144.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144, and on that basis, deny the same.

145.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145, and on that basis, deny the same.

1    146.  The allegations contained in Paragraph 146 call for a conclusion

2   of law to which no response is required. Defendants deny knowledge or

3   information sufficient to form a belief as to the truth of the remaining

4   allegations.   To the extent that a response is required, Defendants deny the

5   same.

6    147.  Defendants deny knowledge or information sufficient to form a

7   belief as to the truth of the allegations in Paragraph 147, and on that basis,

8   deny the same.

9    148.  The allegations contained in Paragraph 148 call for a conclusion

10  of law to which no response is required. Defendants deny knowledge or

11  information sufficient to form a belief as to the truth of the remaining

12  allegations.   To the extent that a response is required, Defendants deny the

13  same.

14   149.  Defendants deny knowledge or information sufficient to form a

15  belief as to the truth of the allegations in Paragraph 149, and on that basis,

16  deny the same.

17   150.  Defendants deny knowledge or information sufficient to form a

18  belief as to the truth of the allegations in Paragraph 150, and on that basis,

19  deny the same.

20   151.  Defendants deny knowledge or information sufficient to form a

21  belief as to the truth of the allegations in Paragraph 151, and on that basis,

22  deny the same.

23   152.  Defendants deny knowledge or information sufficient to form a

24  belief as to the truth of the allegations in Paragraph 152, and on that basis,

25  deny the same.

26   153.  The allegations contained in Paragraph 153 call for a conclusion

27  of law to which no response is required.  To the extent that a response is

28  required, Defendants deny the same.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1    154.  Defendants deny knowledge or information sufficient to form a
2    belief as to the truth of the allegations in Paragraph 154, and on that basis,
3    deny the same.

4    155.  Defendants deny knowledge or information sufficient to form a
5    belief as to the truth of the allegations in Paragraph 155, and on that basis,
6    deny the same.

7    156.  Defendants deny knowledge or information sufficient to form a
8    belief as to the truth of the allegations in Paragraph 156, and on that basis,
9    deny the same.

10    157.  The allegations contained in Paragraph 157 call for a conclusion
11    of law to which no response is required.  To the extent that a response is
12    required, Defendants deny the same.

13    158.  Defendants deny the allegations in Paragraph 158.

14    159.  The allegations contained in Paragraph 159 call for a conclusion
15    of law to which no response is required.  To the extent that a response is
16    required, Defendants deny the same.

17    160.  Defendants deny the allegations in Paragraph 160.

18    161.  Defendants deny the allegations in Paragraph 161.

19    162.  Defendants deny the allegations in Paragraph 162.

20    **TENTH CLAIM FOR RELIEF**

21    **VICARIOUS COPYRIGHT INFRINGEMENT, 17 U.S.C. § 501 *et seq.***

22    163.  In response to Paragraph 163, Defendants incorporate their
23    responses to Paragraphs 1 through 162, inclusive, with the same force and
24    effect as if fully set forth herein.

25    164.  The allegations contained in Paragraph 164 call for a conclusion
26    of law to which no response is required.  To the extent that a response is
27    required, Defendants deny the same.

28    165.  The allegations contained in Paragraph 165 call for a conclusion

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1  of law to which no response is required.  To the extent that a response is
2  required, Defendants deny the same.

3       166.  The allegations contained in Paragraph 166 call for a conclusion
4  of law to which no response is required.  To the extent that a response is
5  required, Defendants deny the same.

6       167.  Defendants deny the allegations in Paragraph 167.

7       168.  The allegations contained in Paragraph 168 call for a conclusion
8  of law to which no response is required.  To the extent that a response is
9  required, Defendants deny the same.

10      169.  The allegations contained in Paragraph 169 call for a conclusion
11 of law to which no response is required.  To the extent that a response is
12 required, Defendants deny the same.

13      170.  The allegations contained in Paragraph 170 call for a conclusion
14 of law to which no response is required.  To the extent that a response is
15 required, Defendants deny the same.  Defendants deny each and every
16 remaining allegation in Paragraph 170.

17            **ELEVENTH CLAIM FOR RELIEF**

18 **CONTRIBUTORY COPYRIGHT INFRINGEMENT 17 U.S.C. § 501 *et seq.***

19      171.  In response to Paragraph 171, Defendants incorporate their
20 responses to Paragraphs 1 through 170, inclusive, with the same force and
21 effect as if fully set forth herein.

22      172.  The allegations contained in Paragraph 172 call for a conclusion
23 of law to which no response is required.  To the extent that a response is
24 required, Defendants deny the same.

25      173.  The allegations contained in Paragraph 173 call for a conclusion
26 of law to which no response is required.  To the extent that a response is
27 required, Defendants deny the same.

28      174.  The allegations contained in Paragraph 174 call for a conclusion

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1  of law to which no response is required.  To the extent that a response is
2  required, Defendants deny the same.

3      175.  Defendants deny the allegations in Paragraph 175.

4      176.  The allegations contained in Paragraph 176 call for a conclusion
5  of law to which no response is required.  To the extent that a response is
6  required, Defendants deny the same.

7      177.  The allegations contained in Paragraph 177 call for a conclusion
8  of law to which no response is required.  To the extent that a response is
9  required, Defendants deny the same.

10     178.  The allegations contained in Paragraph 178 call for a conclusion
11 of law to which no response is required.  To the extent that a response is
12 required, Defendants deny the same.

14                         **AFFIRMATIVE DEFENSES**

15     Defendants set forth below their affirmative defenses.  Each defense is
16 asserted as to all causes of action unless otherwise noted.  By setting forth
17 these affirmative defenses, Defendants do not assume the burden of
18 proving any fact, issue, or element of a cause of action where such burden
19 properly belongs to Plaintiffs.  Moreover, nothing stated herein is intended or
20 shall be construed as an acknowledgement that any particular issue or
21 subject matter is relevant to Plaintiffs' allegations.

22                     **FIRST AFFIRMATIVE DEFENSE**
23                     **(Failure to State Cause of Action)**

24     As Defendants' First Affirmative Defense, Defendants assert that
25 Plaintiffs have failed to state a cause of action upon which relief may be
26 granted.  Plaintiffs have failed to plead the prima facie elements of their
27 asserted causes of action.

28 //

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

CASE NO. SACV09-0055 DOC (MLGx)          19          **WILLMS'S AND EDIRECT'S ANSWER TO**
                                                     **FIRST AMENDED COMPLAINT**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

## SECOND AFFIRMATIVE DEFENSE

## (Unclean Hands)

As Defendants' Second Affirmative Defense, Defendants assert that Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands, because, on information and belief, Plaintiffs' purported trademark registration for FREECREDITREPORT.COM, which serves as the basis for Plaintiffs' trademark infringement, false advertising, unfair competition, and dilution claims, was obtained by a fraud on the United States Patent and Trademark Office and is not entitled to trademark protection.

## THIRD AFFIRMATIVE DEFENSE

## (Failure to Mitigate Damages)

As Defendants' Third Affirmative Defense, Defendants assert that Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to use ordinary care and diligence to take all necessary steps to mitigate and minimize any damages Plaintiffs claim to have sustained and for which they seek recovery in this action.

## FOURTH AFFIRMATIVE DEFENSE

## (Superseding Events and Acts of Third Parties)

As Defendants' Fourth Affirmative Defense, Defendants assert that if Plaintiffs have sustained any injuries or incurred any adverse effect or losses, such adverse effect or losses, if any, were the result of intervening or superseding events, factors, occurrences, conditions, or acts of third parties, which were in no way caused or controlled by Defendants and for which Defendants are not liable.

## FIFTH AFFIRMATIVE DEFENSE

## (In Pari Delicto)

As Defendants' Fifth Affirmative Defense, Defendants assert that any recovery herein by Plaintiffs is barred by the doctrine of in pari delicto,

because Plaintiffs bear fault for the damages they suffered.

## SIXTH AFFIRMATIVE DEFENSE

### (Allocation of Fault)

As Defendants' Sixth Affirmative Defense, Defendants assert that damages, if any, were proximately caused by Plaintiffs and, therefore, require an allocation of fault.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

As Defendants' Seventh Affirmative Defense, Defendants assert that Plaintiffs' claims are barred in whole or in part by the doctrine of laches. Plaintiffs did know, or should have known of the acts they now complain of, well before the initiation of this lawsuit.  Despite this knowledge, Plaintiffs engaged in an unreasonable delay in taking any legal action.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

As Defendants' Eighth Affirmative Defense, Defendants assert that Plaintiffs waived any claim or cause of action against Defendants for the acts alleged in the FAC, and Plaintiffs should be estopped from bringing this lawsuit.

## NINTH AFFIRMATIVE DEFENSE

### (Abandonment)

As Defendants' Ninth Affirmative Defense, Defendants assert that to the extent that Plaintiff had acquired any rights in the FREECREDITREPORT.COM trademark, it has long since abandoned those rights by failing to police widespread third party use of the mark.

## TENTH AFFIRMATIVE DEFENSE

### (Fair Use)

As Defendant's Tenth Affirmative Defense, Defendants assert that to

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1  the extent that Defendants engage in any conduct that could be construed
2  as infringement on Plaintiffs' copyrights, Defendants actions constituted a
3  fair use.

4  **ADDITIONAL AFFIRMATIVE DEFENSES**

5      Defendants hereby give notice that they intend to rely on any
6  additional affirmative defenses that become available or apparent during
7  discovery and thus reserve the right to amend their answer to assert such
8  additional affirmative defenses.

9

10  **PRAYER FOR RELIEF**

11      WHEREFORE, having fully answered Plaintiffs' First Amended
12  Complaint and asserted the above affirmative defenses, Defendants pray
13  that the action be dismissed with prejudice and costs as to Defendants.

14

15

16  DATED:  August 3, 2009              KRONENBERGER BURGOYNE, LLP

17

18                                      By:    /s/ Jeffrey M. Rosenfeld

19
20                                          Jeffrey M. Rosenfeld

21                                      Attorneys for Defendants and Cross-
22                                      Plaintiffs Jesse Willms and eDirect

23

24

25

26

27

28

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com