**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (Bar No. 226112)
Henry M. Burgoyne, III (Bar No. 203748)
Jeffrey M. Rosenfeld (Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:   (415) 955-1158
karl@KBInternetLaw.com
hank@KBInternetLaw.com
jeff@KBInternetLaw.com

Attorneys for Defendants Jesse Willms,
eDirect, 1016363 Alberta, Ltd. and 1021018
Alberta Ltd.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CONSUMERINFO.COM, INC.,** a California corporation,<br><br>Plaintiff & Cross-Defendant,<br><br>v.<br><br>**JESSE WILLMS**, *et al.*<br><br>Defendants. | CASE NO. SACV09-0055 DMG (MLGx)<br><br>**DECLARATION OF IRVING S. RAPPAPORT IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY ADJUDICATION**<br><br>Date:      March 12, 2010<br>Time:     2:00 p.m.<br>Place:    Courtroom 7<br><br>Before Hon. Dolly M. Gee, Judge |
| **JESSE WILLMS** and **EDIRECT**,<br><br>Cross-Plaintiffs,<br><br>v.<br><br>**CONSUMERINFO.COM, INC.,**<br><br>Cross-Defendant. | |

CASE NO. SACV09-0055 DMG (MLGx)

**RAPPAPORT DECL. ISO DEFENDANTS' MOTION FOR SUMMARY ADJUDICATION**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

I, Irving S. Rappaport, declare and state as follows:

1.     I have been asked to opine as an independent expert in the fields identified herein and in my previous disclosures in this matter. I give the testimony stated herein of my own free will and any payments received for my work in this matter do not in any way depend on the outcome of this or any other legal matter or what I state in my reports.

## Background and Experience

2.     I currently hold the positions of Managing Director and Senior IP Counsel for IP Checkups, Inc. and Principal of Independent Intellectual Property Consultant. I received my B.S. in Electrical Engineering from Washington University in 1962, my J.D. with honors from George Washington University Law School in 1966, and my MBA from Boston University Graduate School of Management in 1969.

3.     I have extensive knowledge of the intellectual property field as an intellectual property attorney, licensing executive, entrepreneur, and inventor.

4.     In all of my positions over the past 47 years, and currently, I continue to be involved in performing and/or overseeing the searching, preparation, filing and prosecution of trademark applications before the United States Patent and Trademark Office ("USPTO"), as well as trademark licensing, acquisition and litigation. In some matters I have been the attorney of record before the USPTO but in most trademark matters I have supervised and overseen the work of the attorneys of record in trademark filing and prosecution.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

## Scope of Engagement

5.    I was retained by counsel for Defendants to examine issues related to the customs, standards and practices in acquiring, adopting, using, filing, prosecuting, policing, enforcing and registering trademarks in the United States.  Specifically, and among other things, I was engaged to determine whether the facts and evidence demonstrate that there was widespread use of names, language, and phrases similar to Plaintiff's purported trademark FREECREDITREPORT.COM by third parties during the timeframe 2005-2007.

6.    In addition, I was requested to determine whether Plaintiff knowingly made false and misleading statements to the USPTO when Plaintiff declared that it was not aware of any third party use of names, language, and phrases confusingly similar to Plaintiff's purported trademark FREECREDITREPORT.COM.

## Research and Analysis Performed

7.    For purposes of my engagement, I reviewed and accepted as true the findings contained in the expert disclosure of Dr. Frederick B. Cohen ("Cohen Disclosure").

8.    Based on the findings in the Cohen Disclosure, I applied my experience and knowledge in the field of trademark research, application filing, and prosecution to determine whether Plaintiff knowingly made false statements about its exclusive use of names, languages, and phrases identical and confusingly similar to FREECREDITREPORT.COM.

## Results of Research and Analysis

9.    Based on the conclusions in the Cohen Disclosure, my study of the evidence in this case, customs, standards and practices in the

trademark field, and my years of experience and knowledge in the trademark field, in my opinion, there was widespread use by third parties other than Plaintiff and its licensees of names, language, and phrases that were identical to or substantially similar to FREECREDITREPORT.COM.

10.   In my experience, any company in Plaintiff's position would have searched for and been aware of the extensive third party use of names, language, and phrases identical to or substantially similar to FREECREDITREPORT.COM at the time Plaintiff filed its trademark application.

11.   In my experience, expertise, and knowledge of what procedures are followed by many companies with trademark portfolios, it would be standard procedure for trademark practitioners and/or for any person handling the trademark portfolio for a company in Plaintiff's position to search for and be aware of this extensive use of names, language, and phrases identical to or substantially similar to FREECREDITREPORT.COM

12.   In light of all the facts, I cannot see how it was possible for Plaintiff to claim in its application to the USPTO to register FREECREDITREPORT.COM as a service mark that Plaintiff had substantially exclusive use of the term for at least five years prior to the filing of the application as stated by counsel for Plaintiff in the original filing of the application on February 20, 2006, in the February 12, 2007 response to the August 12, 2006 Office Action from the Trademark Examiner, and in the declaration filed by Plaintiff's President, Ty Taylor, on February 13, 2007.

I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on February 12, 2010, at Palo Alto, California.

Irving S. Rappaport

RAPPAPORT DECL. ISO DEFENDANTS'
MOTION FOR SUMMARY ADJUDICATION

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com