1  RHONDA R. TROTTER, Bar Number 169241
   rtrotter@kayescholer.com
2  THEODORE W. MAYA, Bar Number 223242
   tmaya@kayescholer.com
3  KAYE SCHOLER LLP
   1999 Avenue of the Stars, Suite 1700
4  Los Angeles, California  90067
   Telephone:   (310) 788-1000
5  Facsimile:    (310) 788-1200

6  Attorneys for Plaintiff and Counter-Defendant
   CONSUMERINFO.COM, INC.

7

8                  **UNITED STATES DISTRICT COURT**

9                  **CENTRAL DISTRICT OF CALIFORNIA**

10                     **WESTERN DIVISION**

11

12 CONSUMERINFO.COM, INC., a          )  CASE NO. SA CV 09-0055 DMG (MLGx)
   California corporation,            )
13                                    )  **PLAINTIFF CONSUMERINFO.**
                                      )  **INC.'S EVIDENTIARY OBJECTIONS**
14             Plaintiff,             )  **TO DEFENDANT'S EVIDENCE**
                                      )  **SUBMITTED IN SUPPORT OF ITS**
       v.                             )  **MOTION FOR SUMMARY**
15                                    )  **ADJUDICATION**
   JESSE WILLMS, an individual;       )
16 EDIRECT, a Canadian Partnership;   )  Fed. R. Civ. P. 56
   1016363 ALBERTA LTD., a            )
17 Canadian Corporation; 1021018      )  *[Filed concurrently with Plaintiff's*
   ALBERTA LTD., a Canadian           )  *Memorandum of Points and Authorities in*
18 Corporation; all doing business as )  *Opposition to Defendants' Motion for*
   "WU-YI SOURCE," "JUST              )  *Summary Adjudication; Plaintiff's*
19 THINK MEDIA," and "CREDIT          )  *Statement of Genuine Issues; Proposed*
   REPORT AMERICA,"                   )  *Order;Declaration of David Williams;*
20                                    )  *Declaration of Theodore Maya]*
             Defendants.              )
21                                    )
                                      )
22 _____    )  Hon. Dolly M. Gee
                                      )
23                                    )  Hearing Date:    March 12, 2010
   AND RELATED                        )  Time:            2:00 P.M.
24 COUNTERCLAIM.                      )  Place:           Court Room 7
                                      )                   Spring Street
25 _____    )

26     Plaintiff ConsumerInfo.com, Inc. ("ConsumerInfo") hereby objects to the

27 following evidence presented by Defendants Jesse Willms and eDirect ("Willms")

28 in support of their Motion for Summary Adjudication ("Motion").

KAYE SCHOLER LLP

## OBJECTION 1

ConsumerInfo objects to Paragraph 11 of the Declaration of Jeffrey M. Rosenfeld submitted in support of Willms' Motion ("Rosenfeld Declaration"), including the exhibit attached thereto.

**Grounds for Objection:**

A.     Paragraph 11 lacks foundation and fails to demonstrate that the declarant has personal knowledge as to this fact.  *See* Fed R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); Fed R. Civ. Proc. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."). For example, Rosenfeld states Exhibit J contains "true and correct printouts of Internet websites, which my colleague researched in less than two hours." Rosenfeld fails to provide any basis for this purported knowledge, such as when or how the search was conducted.

B.     Exhibit J to the Rosenfeld Declaration is not authenticated and therefore is inadmissible. *See Orr v. Bank of America*, 285 F.3d 764, 773-74 (9th Cir. 2002) ("A trial court can only consider admissible evidence in ruling on a motion for summary judgment"); *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987) ("In order to be considered by the court, 'documents must be authenticated by and attached to an affidavit that meets the requirements of [Fed.R.Civ.P.] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence."); *Boyd v. City of Oakland*, 458 F. Supp. 2d 1015, 1023-24 (N.D. Cal. 2006) ("mere assertions of personal knowledge and competency to testify are insufficient" because the "matters must be known to the declarant personally, as distinguished from matters of opinion or hearsay.").

KAYE SCHOLER LLP

KAYE SCHOLER LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **OBJECTION 2**

ConsumerInfo objects to paragraph 12 of the Declaration of Irving S. Rappaport submitted in support of Willms' Motion ("Rappaport Declaration").

## **Grounds for Objection:**

Paragraph 12 is a legal conclusion that does not assist the trier of fact in understanding the evidence.  *See* Fed. R. Evid. 702 (expert testimony is allowed "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue"); *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) ("[A]n expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.") (internal citations and quotation marks omitted).  For instance, in paragraph 12 Rappaport states: "I cannot see how it was possible for Plaintiff to claim in its application to the USPTO . . . that Plaintiff had substantially exclusive use of the term."  This is nothing more than Rappaport's legal conclusion as to one of the elements Willms must prove to prevail on his counterclaim, which requires a showing that ConsumerInfo knew the statements it submitted to the Patent and Trademark Office ("PTO") were false.  This legal conclusion does not, in any way, assist the trier of fact in determining whether or not ConsumerInfo believed the contents of its application were in fact true.

1

## **OBJECTION 3**

ConsumerInfo objects to the Rappaport Declaration in its entirety.

**Grounds for Objection:**

Rappaport's entire declaration constitutes a legal conclusion that does not assist the trier of fact to understand the evidence.  *See* Fed. R. Evid. 702 (expert testimony is allowed "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue"); *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) ("[A]n expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.") (internal citations and quotation marks omitted); *Nationwide Transp. Fin. v. Cass Info. Sys.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (affirming exclusion of expert's legal explanations and conclusions regarding applicability of UCC).  For instance, in paragraphs 10 through 12 Rappaport opines as to what a company in Plaintiff's position would have and should have done when registering its mark with the PTO.  Willms, in his counterclaim, must show that ConsumerInfo knew its statements to the PTO were false at the time it submitted its application.  Rappaport's declaration in its entirety is nothing more than a legal conclusion as to whether ConsumerInfo indeed had this knowledge.  This legal conclusion does not, in any way, assist the trier of fact in determining whether or not ConsumerInfo believed the contents of its application were true.

KAYE SCHOLER LLP

1

**OBJECTION 4**

2       ConsumerInfo objects to paragraphs 4 through 6 of the Declaration of Jesse

3   Willms submitted in support of Willms' Motion ("Willms Declaration").

4

5   **Grounds for Objection:**

6       A.      Paragraphs 4 through 6 lack foundation and are not based on personal

7   knowledge.  *See* Fed R. Evid. 602 ("A witness may not testify to a matter unless

8   evidence is introduced sufficient to support a finding that the witness has personal

9   knowledge of the matter."); Fed. R. Civ. Proc. 56(e) ("Supporting and opposing

10  affidavits shall be made on personal knowledge, shall set forth such facts as would

11  be admissible in evidence, and shall show affirmatively that the affiant is competent

12  to testify to the matters stated therein.").  For example, in paragraph 4 Willms

13  describes how an "affiliate network" operates and in paragraph 5 Willms states

14  "Affiliate networks consider the identities of their affiliates to be a valuable trade

15  secret and do not disclose these identities to merchants absent exceptional

16  circumstances."  Willms fails to include any evidence describing his basis for

17  personal knowledge regarding affiliate networks, how these networks operate and

18  how the merchants compensate their affiliate networks.

19      B.      Willms is not an expert on affiliate networks and therefore cannot give

20  expert testimony as to such.  The Federal Rules of Evidence state that a "witness

21  qualified as an expert by knowledge, skill, experience, training, or education, may

22  testify thereto in the form of an opinion or otherwise, if (1) the testimony is based

23  upon sufficient facts or data, (2) the testimony is the product of reliable principles

24  and methods, and (3) the witness has applied the principles and methods reliably to

25  the facts of the case."  Fed. R. Evid. 702.  Willms' declaration fails to include any

26  evidence that he has knowledge, skill, experience, training or education in anyway

27  related to affiliate networks.  Willms failure to provide the requisite qualifications

28

KAYE SCHOLER LLP

establishing himself as an expert and his failure to explain the principles and methods on which he relies makes his "expert" testimony inherently unreliable.

## OBJECTION 5

ConsumerInfo objects to paragraph 7 of the Willms Declaration.

## Grounds for Objection:

A.      Paragraph 7 lacks foundation and is not based on personal knowledge. *See* Fed R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."). For example, in paragraph 7 Willms describes how a media buyer operates and conducts business. Willms fails to include any evidence describing his basis for personal knowledge about media buyers, how they operate and how they are compensated.

B.      Willms is not an expert on media buying and therefore cannot give expert testimony as to such. The Federal Rules of Evidence state that a "witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. Willms' declaration fails to include any evidence that he has the knowledge, skill, experience, training or education in anyway related to media buyers. Willms failure to provide the requisite qualifications establishing himself as an expert and his failure to explain the principles and methods on which he relies makes his "expert" testimony inherently unreliable.

KAYE SCHOLER LLP

1

2

3

4

5

6

7

8

9

10

KAYE SCHOLER LLP

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **OBJECTION 6**

ConsumerInfo objects to paragraph 18 of the Willms Declaration.

## **Grounds for Objection:**

Paragraph 18 violates the Best Evidence Rule.  Fed. R. Evid. 1002 ("To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress.").  Paragraph 18 states in part: "As is typical with media buyers, the Alberta Defendants paid ROI ten percent of the value of the media purchases that ROI arranged."  Willms has failed to provide any admissible evidence reflecting any payment made to ROI for media purchases that ROI arranged.

1

**OBJECTION 7**

2     ConsumerInfo objects to paragraph 30 of the Willms Declaration.

3

4     **Grounds for Objection:**

5         Paragraph 30 violates the Best Evidence Rule.  Fed. R. Evid. 1002 ("To

6     prove the content of a writing, recording, or photograph, the original writing,

7     recording, or photograph is required, except as otherwise provided in these rules or

8     by Act of Congress.").  Paragraph 30 states: "On December 30, 2008, I instructed

9     Advaliant and ClickBooth by email not to bid on or display the

10    FREECREDITREPORT.COM mark."  Willms attached an exhibit to this paragraph

11    that contained an email from himself to Advaliant; however, he did not include an

12    email from himself to ClickBooth.  Nor has Willms provided any admissible

13    evidence regarding an email to ClickBooth instructing them not to bid on Plaintiff's

14    mark.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KAYE SCHOLER LLP

**KAYE SCHOLER LLP**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## OBJECTION 8

Consumerinfo objects to the Statement of Uncontroverted Fact ("SUF") ¶64 in support of Willms' Motion.

**Grounds for Objection:**

SUF ¶64 lacks foundation.  According to Fed R. Civ. P. 56(e), "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  SUF ¶64, listing several internet domain names, relies on the Rosenfeld Declaration paragraph 10 and the corresponding Exhibit I, a decision in an arbitration proceeding under the Uniform Dispute Resolution Policy ("UDRP").  This fact is wholly unsubstantiated and lacks foundation because Exhibit I does not contain any of the internet domain names listed in SUF ¶64.

23282883.DOCX                    PLAINTIFF'S EVIDENTIARY OBJECTIONS

## OBJECTION 9

Consumerinfo objects to the Declaration of Dr. Frederick B. Cohen submitted in support of Willms' Motion ("Cohen Declaration") in its entirety.

## Grounds for Objection:

The entire Cohen Declaration is irrelevant. *See* Fed. R. Evid. 402 ("All relevant evidence is admissible . . . Evidence which is not relevant is not admissible."). Cohen's declaration analyzes the prevalence of other domain names using words similar to those in Plaintiff's mark, FREECREDITREPORT.COM. For instance, Cohen states in paragraph 22, "[A]n associate . . . conducted a series of searches of historical Whois records corresponding to domain names similar to FREECREDITREPORT.COM," and again in paragraph 30, "Using the Google search engine . . . [we] performed searches using language and phrases similar to FREECREDITREPORT.COM." Whether other parties were using the words "free" "credit" and/or "report" in domain names or in text is not relevant unless the party has trademark rights in a mark incorporating those terms. The use of a domain name does not confer trademark rights, nor do uses of a phrase in a non trademark sense confer trademark rights. It is irrelevant for Cohen, or any expert, to analyze and report on other domain names using unregistered marks that contained similar terms as FREECREDITREPORT.COM at the time Plaintiff submitted its application for trademark registration to the PTO.

KAYE SCHOLER LLP

1

2

3

4

5

6

7

8

9

10

**KAYE SCHOLER LLP**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>OBJECTION 10</u>

ConsumerInfo objects to paragraph 21 of the Cohen Declaration.

## **<u>Grounds for Objection:</u>**

Paragraph 21 is improper opinion testimony.  *See* Fed. R. Evid. 702 (an expert is a witness "qualified as an expert by knowledge, skill, experience, training, or education"); Fed. R. Evid. 703 ("The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing.").  Cohen cites an arbitration decision under the UDRP as the basis for his opinion on the definition of the term "similar." Cohen has not provided any basis regarding his qualifications as an expert to determine what "similar" means.  This is improper opinion testimony because Cohen is not qualified to speak to this matter.

1

2

3

4

5

6

7

8

9

10

11

KAYE SCHOLER LLP

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## OBJECTION 11

ConsumerInfo objects to paragraph 33 of the Cohen Declaration.


**Grounds for Objection:**

Paragraph 33 is a legal conclusion that does not assist the trier of fact.  *See* Fed. R. Evid. 702 (expert testimony is allowed "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue"); *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) ("[A]n expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.") (internal citations and quotation marks omitted).  For instance, in paragraph 33 Cohen ends his observations by stating: "minimal effort to identify other sites containing domain names and textual sequences similar to FREECREDITREPORT.COM would have yielded numerous examples."  This statement is not helpful and does not assist a trier of fact to better understand the evidence because the conclusion is not beyond the common understanding of a trier of fact.

**OBJECTION 12**

ConsumerInfo objects to paragraph 34 of the Cohen Declaration.


**Grounds for Objection:**

Paragraph 34 is a legal conclusion that does not assist the trier of fact.  *See* Fed. R. Evid. 702 (expert testimony is allowed "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue"); *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) ("[A]n expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.") (internal citations and quotation marks omitted).  Cohen ends paragraph 34 with his opinions by stating: "minimal effort could reasonably have been expected to identify conflicting names and phrasing."  This statement is not helpful and does not assist a trier of fact to better understand the evidence because the conclusion is not beyond the common understanding of a trier of fact.


DATED:  February 19, 2010

Respectfully Submitted,

KAYE SCHOLER LLP

By: _____
        Theodore W. Maya
Attorneys for Plaintiff and Counter-
Defendant CONSUMERINFO.COM, INC.

KAYE SCHOLER LLP