Rhonda R. Trotter, Bar Number 169241
rtrotter@kayescholer.com
Theodore W. Maya, Bar Number 223242
tmaya@kayescholer.com
Oscar Ramallo, Bar Number 241487
oramallo@kayescholer.com
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, California  90067
Telephone:  (310) 788-1000
Facsimile:  (310) 788-1200
Email address:  tmaya@kayescholer.com

Attorneys for Plaintiff
CONSUMERINFO.COM, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CONSUMERINFO.COM, INC., a California corporation, | Case No. SACV09-0055 DMG (MLGx) |
| Plaintiff & Cross-Defendant, | **PLAINTIFF CONSUMERINFO'S RESPONSE TO DEFENDANTS' ADDITIONAL FACTS IN THEIR STATEMENT OF GENUINE ISSUES OF MATERIAL FACT IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| v. | |
| JESSE WILLMS, et al., | |
| Defendants. | Date:      March 12, 2010<br>Time:      2:00 p.m.<br>Place:     Courtroom 7 |
| JESSE WILLMS and EDIRECT, | Before Hon. Dolly M. Gee, Judge |
| Cross-Plaintiffs, | |
| v. | |
| CONSUMERINFO.COM, INC., | |
| Cross-Defendant. | |

KAYE SCHOLER LLP

**KAYE SCHOLER LLP**

| | Defendants' Statement of Uncontroverted Material Fact | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | **A.   The Fair Credit Reporting Act** | |
| 60. | The Federal Fair Credit Reporting Act ("FCRA") guarantees individuals access to a free credit report from each of the three nationwide reporting agencies—Experian, Equifax, and TransUnion—every twelve months. 15 U.S.C. §1681 *et seq.* | Undisputed. |
| 61. | AnnualCreditReport.com is the only authorized source for individuals to get their free annual credit report under federal law. (16 C.F.R. §610.2; Rosenfeld Decl. ¶15 & Ex. N.) | Disputed to the extent Defendants assert "AnnualCreditReport.com is the only authorized source for individuals to get" a free annual credit report consistent with federal law.<br><br>Under the cited regulation Experian, along with the other two credit bureaus, was to "jointly design, fund, implement, maintain, and operate a centralized source" for obtaining free credit reports provided pursuant to 15 U.S.C. § 1681j(a).  16 C.F.R. §610.2. ConsumerInfo does not dispute that it complied with this regulation and that AnnualCreditReport.com is the website Experian and the other bureaus created for this purpose. |
| | **B.   Plaintiff's Services** | |
| 62. | Plaintiff's FreeCreditReport.com website states that it provides consumers with a free credit report. (Rosenfeld Decl. ¶2 & Ex. A.) | Undisputed. |
| 63. | However, in order for a consumer to obtain a credit report from FreeCreditReport.com, the consumer must sign up for Plaintiff's fee-based Triple Advantage credit monitoring service.  (Rosenfeld Decl. ¶2 & Ex. A.) | Undisputed that consumers ordering free credit reports through FreeCreditReport.com normally are enrolled in a credit monitoring program on a trial basis.<br><br>Disputed to the extent this statement implies the credit report provided through FreeCreditReport.com is not free. As the cited exhibit demonstrates, the FreeCreditReport.com landing |

1

KAYE SCHOLER LLP

| | | page clearly states: |
|---|---|---|
| | | "IMPORTANT INFORMATION |
| | | When you order your free report here, you will begin your free trial membership in Triple Advantage® Credit Monitoring. If you don't cancel your membership within the 7-day trial period[], you will be billed $14.95 for each month that you continue your membership. |
| | | ConsumerInfo.com, Inc. and Freecreditreport.com are not affiliated with the annual free credit report program. Under a new Federal law, you have the right to receive a free copy of your credit report once every 12 months from each of the three nationwide consumer reporting companies. To request your free annual report under that law, you must go to www.annualcreditreport.com." |
| | | (Rosenfeld Decl. Ex. A.) |
| 64. | If a customer doesn't cancel his or her membership in Triple Advantage within 7 days, he or she is billed $14.95 a month.  (Rosenfeld Decl. ¶2 & Ex. A.) | Undisputed that this was the offer running when defense counsel printed the screenshot attached to his declaration as Exhibit A. Disputed to the extent Defendants contend this is ConsumerInfo's only offer, or that this is the offer that has appeared on the FreeCreditReport.com landing page in the past. |
| | **C.  Complaints About Plaintiff's Services** | |
| 65. | The Better Business Bureau (the "BBB") has produced 14,760 consumer complaints it has received about Plaintiff's FreeCreditReport.com service. (Rosenfeld Decl. ¶¶8-9 & Ex. G & H.) | Disputed.\n\nObjections: (1) Hearsay, (2) lacks foundation, (3) not authenticated.\n\nThe referenced documents lack authentication, and there is no evidence that 14,760 is an accurate count of complaints to the BBB. |
| 66. | Plaintiff has produced over 4,400 | Disputed. |

KAYE SCHOLER LLP

| | | |
|---|---|---|
| | consumer complaints it received from the BBB about its FreeCreditReport.com service (Rosenfeld Decl. ¶¶10-11 & Ex. I & J.) | Objections: (1) Hearsay, (2) lacks foundation, (3) not authenticated.<br><br>ConsumerInfo does not dispute that it produced the documents attached to the Rosenfeld Declaration as Exhibits I and J, but these are not all of the records of BBB complaints produced by ConsumerInfo, and ConsumerInfo has not counted the total to verify Defendants' unsubstantiated assertion that over 4,400 such complaints were produced. |
| 67. | Plaintiff has produced over 8,000 unidentified consumer complaints about its FreeCreditReport.com service.  (Rosenfeld Decl. ¶¶6-7 & Ex. E & F.) | Disputed.<br><br>Objections: (1) Hearsay, (2) lacks foundation, (3) not authenticated.<br><br>ConsumerInfo does not dispute that it produced the documents attached to the Rosenfeld Declaration as Exhibits E and F.  However, the complaints in the cited documents are not "unidentified" in any way.  They clearly state the identity of the complainant.<br><br>The cited documents are not authenticated, and lack any foundation whatsoever. |
| 68. | The Federal Trade Commission ("FTC") has produced over 4,000 additional consumer complaints it has received about Plaintiff's FreeCreditReport.com service from other third parties (e.g. state attorneys general) (Rosenfeld Decl. ¶¶12-14 & Ex. K-M.) | Disputed.<br><br>Objections: (1) Hearsay, (2) lacks foundation, (3) not authenticated.<br><br>The cited documents were not produced by ConsumerInfo or by Defendants during discovery in this action, and are unfamiliar to ConsumerInfo.  (Maya Decl. ¶ 3.) |
| 69. | Defendants requested—but Plaintiff did not disclose—consumer | Disputed.  No evidence supports this assertion other than counsel's |

3

complaints made directly to Plaintiff (as opposed to the BBB or FTC). (Rosenfeld Decl. ¶17.)

self-serving, unsupported declaration. In fact, ConsumerInfo produced copious records of consumer complaints, and there is no evidence indicating those complaints were not made directly to Plaintiff as well as to government agencies. (Rosenfeld Decl. Exhs. E-F, I-J.) The records show ConsumerInfo did interact with the complainants directly in many cases. (*E.g.*, Rosenfeld Decl. Exh. E (including columns indicating whether customer contacted call center).)

As the Magistrate Judge held when denying Defendants' motion to compel the production of additional data regarding customer "complaints" (which could be regarding any number of things totally irrelevant to this action, such as information appearing on an individual consumer's credit report), the documents are not relevant to any claim or defense and defendants failed to demonstrate that the burden of collection and production of responsive documents was outweighed by their relevance. (Docket No. 64, 12/16/09 Order; Docket No. 82, 1/27/10 Order.)

| 70. | The majority of consumer complaints about Plaintiff state that while consumers believed Plaintiff's service to be free, namely the provision of a free credit report, Plaintiff charged consumers for this service. (Rosenfeld Decl. ¶¶6-14 & Exs. E-M.) | Disputed.<br><br>Objections: (1) Hearsay, (2) lacks foundation, (3) not authenticated.<br><br>This "fact" consists only of counsel's characterization of un-authenticated hearsay evidence. A review of the cited documents does not indicate customers generally complained about being charged for their credit report. |
| 71. | One consumer complaint in Plaintiff's possession states:<br><br>"Went to freecreditreport.com, ordered credit report, but was tricked | Disputed.<br><br>Objections: (1) Hearsay, (2) lacks |

KAYE SCHOLER LLP

KAYE SCHOLER LLP

| | | |
|---|---|---|
| | into signing up for monthly service in order to get my credit report." (Rosenfeld Decl. ¶6 & Ex. E.) | foundation, (3) not authenticated. ConsumerInfo further objects to Defendants' citation to this 64-page document containing numerous line items, without any page citation or brackets. *Zoslaw*, 693 F.2d at 883 ("A party may not prevail in opposing a motion for summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation."). |
| 72. | Another consumer complaint in Plaintiff's possession states: "Charges were posted against our account after requesting our free credit report & without our knowledge or consent." (Rosenfeld Decl. ¶6 & Ex. E.) | Disputed. Objections: (1) Hearsay, (2) lacks foundation, (3) not authenticated. ConsumerInfo further objects to Defendants' citation to this 64-page document containing numerous line items, without any page citation or brackets. *Zoslaw*, 693 F.2d at 883 ("A party may not prevail in opposing a motion for summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation."). |
| 73. | Another consumer complaint in Plaintiff's possession states: "Went online for free credit report --- Did not sign up for services but was charged." (Rosenfeld Decl. ¶6 & Ex. E.) | Disputed. Objections: (1) Hearsay, (2) lacks foundation, (3) not authenticated. ConsumerInfo further objects to Defendants' citation to this 64-page document containing numerous line items, without any page citation or brackets. *Zoslaw*, 693 F.2d at 883 ("A party may not prevail in opposing a motion for summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation."). |
| 74. | Some of these consumer complaints reveal consumer confusion between Plaintiff's FREECREDITREPORT.COM mark on the one hand and third parties' | Disputed. Objections: (1) Hearsay, (2) lacks foundation, (3) not authenticated. |

5

KAYE SCHOLER LLP

| | | |
|---|---|---|
| | marks, including CREDITREPORTS.COM and ANNUALCREDITREPORT.COM on the other hand.  (Rosenfeld Decl. ¶¶6-14 & Ex. E-M.) | This "fact" amounts to counsel's legal argument, based on citation to a mass of unspecified, un-authenticated, hearsay material. Exhibits E and F to the Rosenfeld declaration do not include any reference whatsoever to CreditReports.com.  *Zoslaw*, 693 F.2d at 883 ("A party may not prevail in opposing a motion for summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation."). |
| 75. | One consumer complaint states: "Just wanted a free credit report/Refunded 3B transactional report. Not CreditReport.com." (Rosenfeld Decl. ¶6 & Ex. E.) | Disputed.<br><br>Objection: (1) Hearsay, (2) lacks foundation, (3) not authenticated.<br><br>There is no foundation establishing that this is a "consumer complaint." The quoted text appears to include notes by a ConsumerInfo employee as well as possible language concerning a customer complaint.<br><br>ConsumerInfo further objects to Defendants' citation to this 64-page document containing numerous line items, without any page citation or brackets.  *Zoslaw*, 693 F.2d at 883 ("A party may not prevail in opposing a motion for summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation."). |
| 76. | Another consumer complaint states: "FCR.com and CreditReport.com are scamming people who try to get free credit reports. I think the two companies are linked." (Rosenfeld Decl. ¶6 & Ex. E.) | Disputed.<br><br>Objection: (1) Hearsay, (2) lacks foundation, (3) not authenticated.<br><br>ConsumerInfo further objects to Defendants' citation to this 64-page document containing numerous line items, without any page citation or brackets.  *Zoslaw*, 693 F.2d at 883 ("A party may not prevail in |

KAYE SCHOLER LLP

| | | |
|---|---|---|
| | | opposing a motion for summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation."). |
| 77. | Another consumer complaint states:<br><br>"I wish to prosecute both TripleAdvantage and CreditReport.com and I believe these are sister companies due to unauthorized withdrawals from my account."<br><br>(Rosenfeld Decl. ¶6 & Ex. E.) | Disputed.<br><br>Objections: (1) Hearsay, (2) lacks foundation, (3) not authenticated.<br><br>ConsumerInfo further objects to Defendants' citation to this 64-page document containing numerous line items, without any page citation or brackets. *Zoslaw*, 693 F.2d at 883 ("A party may not prevail in opposing a motion for summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation."). |
| 78. | Another consumer complaint states:<br><br>"Creditreport.com automatically signed me up for a credit monitoring service for $12.95. There website is very despective in how they bill this service."<br><br>(Rosenfeld Decl. ¶7 & Ex. F.) | Disputed.<br><br>Objection: (1) Hearsay, (2) lacks foundation, (3) not authenticated.<br><br>ConsumerInfo further objects to Defendants' citation to this 842-page document containing numerous line items, without any page citation or brackets. *Zoslaw*, 693 F.2d at 883 ("A party may not prevail in opposing a motion for summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation."). |
| 79. | Another BBB consumer complaint states:<br><br>"I've never contacted or used this company for any reason other than to find out why they charged my credit card. . . . This company is also known as CreditReport.com, I believe. It shows up on my credit card statement as MNI*CREDITRPT SERVICES 866-4084016 CA."<br><br>(Rosenfeld Decl. ¶8 & Ex. G.) | Disputed.<br><br>Objection: (1) Hearsay, (2) lacks foundation, (3) not authenticated.<br><br>ConsumerInfo further objects to Defendants' citation to this 24,174-page document without any page citation or brackets. *Zoslaw*, 693 F.2d at 883 ("A party may not prevail in opposing a motion for |

~7329296.DOCX   RESPONSES TO DEFENDANTS' STATEMENT OF GENUINE ISSUES OF MATERIAL FACT

KAYE SCHOLER LLP

| | | | |
|---|---|---|---|
| | | | summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation."). |
| 80. | Another consumer complaint states:<br><br>"Creditreport.com automatically signed me up for a credit monitoring service for $12.95. There website is very despective [sic] in how they bill this service."<br><br>(Rosenfeld Decl. ¶7 & Ex. F.) | | Disputed.<br><br>Objection: (1) Hearsay, (2) lacks foundation, (3) not authenticated.<br><br>ConsumerInfo further objects to Defendants' citation to this 842-page document containing numerous line items, without any page citation or brackets. *Zoslaw*, 693 F.2d at 883 ("A party may not prevail in opposing a motion for summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation."). |
| 81. | Another BBB consumer complaint states:<br><br>"Creditreport.com insists that their website is without fault, and I must have checked the box to order their "credit monitoring" service.  This is a service, of course, which no one can tell outside the company if anything was actually done. I don't even know what a "monitoring service" is, or why anyone would want it. I see two possibilities. One, that the company's website is problematic, and two, that I was intentionally deceived."<br><br>(Rosenfeld Decl. ¶8 & Ex. G.) | | Disputed.<br><br>Objections: (1) Hearsay, (2) lacks foundation, (3) not authenticated.<br><br>ConsumerInfo further objects to Defendants' citation to this 24,174-page document without any page citation or brackets. *Zoslaw*, 693 F.2d at 883 ("A party may not prevail in opposing a motion for summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation."). |
| 82. | Another BBB consumer complaint states:<br><br>"I went to Creditreport.com to receive a free credit report, which I never received. I later notice that I was being billed for a service that I did not subscribed to in the amount of 14.95. I sent an email to them to stop, but in checking my banking statement, I have noticed that this is still being charged on a monthly basis under CIC Triple Advantage." | | Disputed.<br><br>Objection: (1) Hearsay, (2) lacks foundation, (3) not authenticated.<br><br>ConsumerInfo further objects to Defendants' citation to this 1,985-page document without any page citation or brackets. *Zoslaw*, 693 F.2d at 883 ("A party may not prevail in opposing a motion for |

8

| | | | |
|---|---|---|---|
| | | (Rosenfeld Decl. ¶10 & Ex. I.) | summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation.'"). |
| | 83. | Another consumer complaint states: "FCR.com claims to be a free service like AnnualCreditReport.com but through multiple screens & steps of data-entry, verification, authorization, etc they force you to sign up for a subscription service that they do not in any way make clear. I unknowingly was enrolled in credit monitoring service. I feel that I was misled." (Rosenfeld Decl. ¶6 & Ex. E.) | Disputed. Objections: (1) Hearsay, (2) lacks foundation, (3) not authenticated. ConsumerInfo further objects to Defendants' citation to this 64-page document containing numerous line items, without any page citation or brackets. *Zoslaw*, 693 F.2d at 883 ("A party may not prevail in opposing a motion for summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation."). |
| | 84. | Another consumer complaint states: "Experian authorizes it's subsidiary, ConsumerInfo.com to make unauthorized debit or credit card charges from consumers using AnnualCreditReport.com." (Rosenfeld Decl. ¶7 & Ex. F.) | Disputed. Objection: (1) Hearsay, (2) lacks foundation, (3) not authenticated. ConsumerInfo further objects to Defendants' citation to this 842-page document containing numerous line items, without any page citation or brackets. *Zoslaw*, 693 F.2d at 883 ("A party may not prevail in opposing a motion for summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation."). |
| | 85. | Another BBB consumer complaint states: "I went to FreeCreditReport.com to order my free credit report. I did this before realizing I should have gone to AnnualCreditReport.com instead. I ordered my credit report without realizing they signed me up for a $14.95 monthly service. They trick the consumer into signing up for this service by saying the consumer did not tell them to cancel it." | Disputed. Objection: (1) Hearsay, (2) lacks foundation, (3) not authenticated. ConsumerInfo further objects to Defendants' citation to this 1,985-page document without any page citation or brackets. *Zoslaw*, 693 F.2d at 883 ("A party may not prevail in opposing a motion for |

KAYE SCHOLER LLP

| | | |
|---|---|---|
| | (Rosenfeld Decl. ¶10 & Ex. I.) | summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation."). |
| 86. | Another BBB consumer complaint states:<br><br>"The web site is FreeCreditReport.com, but it is not free. My wife mistakenly used this web site instead of the government owned web site AnnualCreditReport.com, which is really free. The site is owned by Experian. It asks for a credit card number and I think it says to verify your identity. If you don't pay attention, it automatically signs you up for credit monitoring at $14.95 per month and you would have to manually cancel your membership to avoid the monthly fee. People who are not web savvy usually falls for this trick."<br><br>(Rosenfeld Decl. ¶10 & Ex. I.) | Disputed.<br><br>Objection: (1) Hearsay, (2) lacks foundation, (3) not authenticated.<br><br>ConsumerInfo further objects to Defendants' citation to this 1,985-page document without any page citation or brackets. *Zoslaw*, 693 F.2d at 883 ("A party may not prevail in opposing a motion for summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation."). |
| 87. | In response to some of these complaints, Plaintiff said the following or something substantially similar:<br><br>"We apologize for any inconvenience or misunderstanding; however, this consumer has not done business with our company in over a year. Our records indicate the consumer held a CreditCheck® Monitoring membership from 06/06/04 through 07/13/04, and a Triple AdvantageSM Monitoring membership from 09/13/05 through 10/13/05. The consumer may be confusing us with one of our competitors, CreditReport.com. "<br><br>(Rosenfeld Decl. ¶8 & Ex. G.) | Disputed.<br><br>Objections: (1) Hearsay, (2) lacks foundation, (3) not authenticated.<br><br>ConsumerInfo further objects to Defendants' citation to this 24,174-page document without any page citation or brackets. *Zoslaw*, 693 F.2d at 883 ("A party may not prevail in opposing a motion for summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation."). |
| 88. | In response to some of these complaints, Plaintiff said the following or something substantially similar:<br><br>"We apologize for any inconvenience or misunderstanding; however, we do not operate the site, **"CreditReport.com"** - that site is | Disputed.<br><br>Objection: (1) Hearsay, (2) lacks foundation, (3) not authenticated.<br><br>ConsumerInfo further objects to |

KAYE SCHOLER LLP

KAYE SCHOLER LLP

| | | |
|---|---|---|
| operated by one of our competitors, Mighty Net, Inc. They can be contacted at: CreditReport.com . . ." (Rosenfeld Decl. ¶10 & Ex. I.) | | Defendants' citation to this 1,985-page document without any page citation or brackets. *Zoslaw*, 693 F.2d at 883 ("A party may not prevail in opposing a motion for summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation."). |
| | **D.   Plaintiff's Trademark Application** | |
| 89. | In its application to register FREECREDITREPORT.COM, and its supplemental filings with the PTO, Plaintiff made the following representation: "The distinctiveness of Applicant's mark has been established in the minds of the purchasing public." Plaintiff omitted any representation to the PTO regarding the misdescriptiveness of its FREECREDITREPORT.COM mark. (RJN ¶3 & Ex. C at 42.) | Disputed. ConsumerInfo does not dispute that it made the quoted statement, but disputes Defendants' argumentative statement concerning the "misdescriptiveness" of ConsumerInfo's trademark and ConsumerInfo's omission of such incorrect assertions regarding its mark in PTO filings.  No evidence shows that ConsumerInfo did not, in fact, deliver free credit reports through its FreeCrediReport.com website. Defendants' own documents show they understood the FREECREDITREPORT.COM mark to refer to a single source. 2/19/10 Maya Declaration in Opp. to Defendants' Mot for Summary Adjudication ("Maya Opp. Decl.") Exh. A, Willms Depo. at page 37, line 18 through page 42, line 16 & Exh. 174 |
| 90. | In its application to register FREECREDITREPORT.COM, and its supplemental filings with the PTO, Plaintiff made the following representation: The "mark has become distinctive of the goods/services through the applicant's substantially exclusive and continuous use in commerce for at least the five years immediately before the date of this statement." | Undisputed that ConsumerInfo made the quoted statement in the cited document. Disputed to the extent Defendants assert ConsumerInfo made this statement in unspecified "supplemental filings." |

~7329296.DOCX        RESPONSES TO DEFENDANTS' STATEMENT OF GENUINE ISSUES OF MATERIAL FACT

**KAYE SCHOLER LLP**

| | | |
|---|---|---|
| | (RJN ¶1 & Ex. A at 8.) | |
| 91. | In its application to register FREECREDITREPORT.COM, and its supplemental filings with the PTO, Plaintiff made the following representation:<br><br>"[T]o the best of [Plaintiff's] knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion or to cause mistake or to deceive . . ."<br><br>(RJN ¶1 & Ex. A at 11.) | Undisputed that ConsumerInfo made the quoted statement in the cited document.<br><br>Disputed to the extent Defendants assert ConsumerInfo made this statement in unspecified "supplemental filings." |
| 92. | In its application to register FREECREDITREPORT.COM, and its supplemental filings with the PTO, Plaintiff made the following representation:<br><br>"Applicant's Mark currently coexist[s] without confusion with other registered marks using the phrase CREDIT REPORT for similar services owned by other entities."<br><br>(RJN ¶3 & Ex. C at 50.) | Undisputed that ConsumerInfo made the quoted statement in the cited document.<br><br>Disputed to the extent Defendants assert ConsumerInfo made this statement in its initial application. |
| 93. | In its application to register FREECREDITREPORT.COM, and its supplemental filings with the PTO, Plaintiff made the following representation:<br><br>"[T]he long-term co-existence of Applicant's mark and [CREDITREPORTS.COM] without any evidence of confusion proves no likelihood of confusion."<br><br>(RJN ¶3 & Ex. C at 48.) | Undisputed that ConsumerInfo made the quoted statement in the cited document.<br><br>Disputed to the extent Defendants assert ConsumerInfo made this statement in its initial application. |
| 94. | In its application to register FREECREDITREPORT.COM, and its supplemental filings with the PTO, Plaintiff made the following representation:<br><br>"Applicant's mark also has a different meaning than [CREDITREPORTS.COM] since adding the term FREE gives a | Undisputed that ConsumerInfo made the quoted statement in the cited document.<br><br>Disputed to the extent Defendants assert ConsumerInfo made this statement in its initial application. |

12

**KAYE SCHOLER LLP**

| | | |
|---|---|---|
| | connotation that consumers will be receive a product or service at no cost. . . . . The term gives Applicant's mark a different meaning to consumers than [CREDITREPORTS.COM], which does not have the term FREE." <br><br> (RJN ¶3 & Ex. C at 49.) | |
| 95. | In its application to register FREECREDITREPORT.COM, and its supplemental filings with the PTO, Plaintiff made the following representation: <br><br> "Just as the public does not confuse the mark ANNUALCREDITREPORT.COM owned by Central Source LLC with CREDITREPORTS.COM in the Cited Mark, the public also will be able to differentiate between Applicant's mark and the Cited Mark." <br><br> (RJN ¶3 & Ex. C at 50.) | Undisputed that ConsumerInfo made the quoted statement in the cited document. <br><br> Disputed to the extent Defendants assert ConsumerInfo made this statement in its initial application. |
| 96. | In its application to register FREECREDITREPORT.COM, and its supplemental filings with the PTO, Plaintiff made the following representation: <br><br> "Applicant's mark has in no way affected the ease with which the public is currently able to distinguish between various marks incorporating the phrase CREDIT REPORT." <br><br> (RJN ¶3 & Ex. C at 51.) | Undisputed that ConsumerInfo made the quoted statement in the cited document. <br><br> Disputed to the extent Defendants assert ConsumerInfo made this statement in its initial application. |
| **E. Plaintiff's FREECREDITREPORT.COM mark caused consumer confusion.** | | |
| 97. | An impartial expert engaged by Defendants conducted a study to test consumer perceptions of the FREECREDITREPORT.COM mark and the use of this mark on the FREECREDITREPORT.COM website.  (Van Liere Decl. *passim.*) | Disputed.  There is no evidence, and it is incorrect to say, that Defendants' retained expert is "impartial." <br><br> Objection: Irrelevant. <br><br> Neither Van Liere's flawed study nor his conclusions create an issue of fact that ConsumerInfo made a knowing misrepresentation of fact to the PTO when applying to register FREECREDITREPORT.COM. |

13

**KAYE SCHOLER LLP**

| 98. | Thirty-eight percent of respondents in this study were confused by perceptions of the FREECREDITREPORT.COM mark and the use of this mark on the FREECREDITREPORT.COM website. (Van Liere Decl. ¶39.) | Disputed.<br><br>Objection: Irrelevant.<br>Neither Van Liere's flawed study nor his conclusions create an issue of fact that ConsumerInfo made a knowing misrepresentation of fact to the PTO when applying to register FREECREDITREPORT.COM. |
|---|---|---|
| 99. | The net rate at which consumers are misled or confused is typically calculated by subtracting the confusion rate found in the control condition from the confusion rate found in the test condition. This yielded a net confusion rate of 19 percent (38 percent minus 19 percent) for this study. (Van Liere Decl. ¶41.) | Disputed.<br><br>Objection: Irrelevant.<br>Neither Van Liere's flawed study nor his conclusions create an issue of fact that ConsumerInfo made a knowing misrepresentation of fact to the PTO when applying to register FREECREDITREPORT.COM. |
| 100. | The expert of this study concluded that a significant portion of consumers in the relevant population were likely to be misled or confused by the mark FREECREDITREPORT.COM and its use in advertising on the site. (Van Liere Decl. ¶45.) | Disputed.<br><br>Objection: Irrelevant.<br>Neither Van Liere's flawed study nor his conclusions create an issue of fact that ConsumerInfo made a knowing misrepresentation of fact to the PTO when applying to register FREECREDITREPORT.COM. |
| | **F. Plaintiff's position regarding marks that are similar to FREECREDITREPORT.COM** | |
| 101. | In Plaintiff's November 4, 2008 letter to Defendants, Plaintiff claimed that Defendants' use of the phrase "freecreditreport" infringed Plaintiff's trademark in FREECREDITREPORT.COM. Declaration of Jesse Willms in Support of Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment ¶27 & Ex.J.) | Disputed. In the cited letter, ConsumerInfo complained that a search for "freecreditreport" returned a sponsored link advertisement for Defendants' website *that used ConsumerInfo's exact, entire trademark.*<br><br>Maya Opp. Decl. ¶ 20. |
| 102. | In Plaintiff's December 29, 2008 letter to Defendants, Plaintiff claimed that | Disputed. |

KAYE SCHOLER LLP

| | | |
|---|---|---|
| | Defendants' use of the phrase "$0 - freecreditreport®" infringed on Plaintiff's trademark in FREECREDITREPORT.COM. (Prior Rosenfeld Decl. ¶7 & Ex. F.) | In the cited letter, ConsumerInfo complained about Defendants' use of this term and other terms in a manner designed to cause confusion with ConsumerInfo, and in ConsumerInfo's December 11, 2008 letter to Defendants, ConsumerInfo pointed out that such conduct constituted false advertising in violation of the Lanham Act.<br><br>2/12/10 Maya Declaration in Supp. of ConsumerInfo's Mot. for Partial Summary Judgment ("2/12/10 Maya Decl."), Exh. B, pp. 53-54, 70-71. |
| 103. | In response to Defendant Willms's Second Set of Interrogatories, Plaintiff identified the following alleged advertisements as counterfeits of Plaintiff's FREECREDITREPORT.COM mark:<br>• "[A] sponsored link heading reading Free Credit Report ™"<br>• "A sponsored link heading reading $0 FreeCreditreport ®"<br>(Prior Rosenfeld Decl. ¶8 & Ex.G.) | Disputed to the extent that the quotation is incomplete. |
| 104. | In Plaintiff's December 12, 2008 letter to a third party, Plaintiff claimed that the third party's use of the domain name <freetriplecreditscore.com> infringed on Plaintiff's trademark in FREECREDITREPORT.COM. (Prior Rosenfeld Decl. ¶9 & Ex. H.) | Disputed.<br><br>The cited letter makes no reference to FreeTripleCreditScore.com. |
| 105. | On September 24, 2009 Plaintiff initiated an arbitration proceeding under the Uniform Domain Name Dispute Resolution Policy to recover 1,017 domain names that Plaintiff claimed were confusingly similar with and infringed on Plaintiff's purported FREECREDITREPORT.COM mark (the "UDRP"). (Prior Rosenfeld Decl. ¶10 & Ex. I.) | Disputed to the extent that this "fact" is incomplete. |
| 106. | By way of example only, in the UDRP, Plaintiff claimed that the | Disputed to the extent that this "fact" is incomplete. The domains |

15

KAYE SCHOLER LLP

| | |
|---|---|
| following domains names were confusingly similar with and infringed on its FREECREDITREPORT.COM mark:<br>• threecreditreportcompany.com<br>• threecreditreporting.com<br>• 1-800-freecreditreport.com<br>• feecreditreporting.com<br>• free3creditreportagency.com<br>• freecreditreportcopy.com<br>• freecreditreportal.com<br>• freecreditreportalabama.com<br>• freecreditreportincolorado.com<br>• freecreditreportwithnocredit-card.com<br>• freecreditreportwithoutusingacredit-card.com<br>(Prior Rosenfeld Decl. ¶10 & Ex. I.) | cited by Defendants were just a few of 1,017 domains registered by a single entity, the vast majority of which constituted classic typosquatting.  Other of the 1,017 domains constituted correctly spelled iterations of ConsumerInfo's mark, with the addition of a geographic designation or other generic word. Taken together, these domains clearly were part of a conscious effort to profit off of the widespread consumer recognition of ConsumerInfo's mark that exists by virtue of ConsumerInfo's extensive and expensive advertising.  The arbitrator agreed, issuing a written decision transferring all the 1,017 domains to ConsumerInfo, after contested arbitration proceedings.<br><br>Maya Opp. Decl., Exh. M (UDRP Complaint), Exh. N (UDRP Decision). |
| **G.   Third Party Use of Identical and Similar Marks.** | |
| 107. | By way of example only, between 2005 and 2007, the following domain names were used by third parties to display websites offering credit-related services and/or advertisements for credit-related services:<br>• freecreditreporthelp.com<br>• freecreditreportcenter.com<br>• freecreditreportcard.com<br>• freecreditreportbureau.com<br>• freecreditreportamerica.com<br>• freecreditreport-now.com<br>• annualfreecreditreport.com<br>• freecreditreportstore.com<br>• freecreditreportservice.com<br>• freecreditreportsite.com<br>• freecreditreportsearch.com<br>• freecreditreportnow.com | Disputed.  This fact is irrelevant, and the supporting evidence is incompetent and inadmissible.<br><br>Objection: Irrelevant.<br>Defendants' argument fails to create an issue of fact that ConsumerInfo made a knowing misrepresentation of fact to the PTO when applying to register FREECREDITREPORT.COM.<br><br>Maya Opp. Decl. at Exh. Q, Expert Report of Gary Krugman.<br><br>2/19/2010 ConsumerInfo's Evidentiary Objections to Defendant's Evidence Submitted in Support of the Motion for Summary Adjudication ("2/19/2010 ConsumerInfo Evidentiary Objections") pages 4- |

KAYE SCHOLER LLP

| | | |
|---|---|---|
| | • freecreditreporting.com<br>• freecreditreportz.com<br>• creditreport.com<br>• free-credit-reports.org<br>• free-credit-reports.net<br>• bestfreecreditreport.com<br>(Cohen Decl. ¶¶22-25 & Ex. C.) | 5. |
| 108. | Between 2005 and 2007, there were countless websites that used the phrases "free credit report," "freecreditreport," and similar phrases. By way of example only, these phrases were used on the following websites:<br>• <annualfreecreditreport.com> - prominently displayed the phrase "free credit report";<br>• <freecreditreportcenter.com> - prominently displayed the phrase "free credit report";<br>• <freecreditreportcard.com> - displayed the phrases "freecreditreport," and "freecreditreportcard.com";<br>• <free-credit-reports.net> - prominently displayed the phrase "free-credit-reports.net";<br>• <freecreditzreportz.com> - prominently displayed the phrases "freecreditreportz.com" and "free credit report";<br>• <freecreditreportsearch.com> - prominently displayed the phrase "free credit report";<br>• <freecreditreportcenter.com> - prominently displayed the phrase "free credit report";<br>• <freecreditreporthelp.com> - prominently displayed the phrases "free credit report" and "freecreditreporthelp.com."<br>(Cohen Decl. ¶¶22-25 & Ex. C.) | Disputed.  This fact is irrelevant, and the supporting evidence is incompetent and inadmissible.<br><br>Objection: Irrelevant.<br>Defendants' argument fails to create an issue of fact that ConsumerInfo made a knowing misrepresentation of fact to the PTO when applying to register FREECREDITREPORT.COM.<br><br>Maya Opp. Decl. at Exh. Q, Expert Report of Gary Krugman.<br><br>2/19/2010 ConsumerInfo Evidentiary Objections pages 4-5. |
| 109. | Any person with any facility in using the Internet would have discovered the extensive third party use of names, language, and phrases similar to FREECREDITREPORT.COM in | Disputed.  This fact is irrelevant, and the supporting evidence is incompetent and inadmissible. |

**KAYE SCHOLER LLP**

| | | |
|---|---|---|
| | seconds.<br>(Cohen Decl. ¶¶32-34; Rappaport Decl. ¶¶9-12.) | Objection: Irrelevant.<br>Defendants' argument fails to create an issue of fact that ConsumerInfo made a knowing misrepresentation of fact to the PTO when applying to register FREECREDITREPORT.COM.<br><br>Maya Opp. Decl. at Exh. Q, Expert Report of Gary Krugman.<br><br>2/19/2010 ConsumerInfo Evidentiary Objections pages 2, 5. |
| 110. | Any reasonable company in Plaintiff's position would have been aware of the extensive third party use of the phrases "freecreditreport" and "free credit report" before and during the prosecution of Plaintiff's trademark application for FREECREDITREPORT.COM (between 2006-2008).  (Rappaport Decl. ¶¶9-12.) | Disputed.  This fact is irrelevant, and the supporting evidence is incompetent and inadmissible improper opinion.<br><br>Objection: Irrelevant.<br>Defendants' argument fails to create an issue of fact that ConsumerInfo made a knowing misrepresentation of fact to the PTO when applying to register FREECREDITREPORT.COM.<br><br>Maya Opp. Decl. at Exh. Q, Expert Report of Gary Krugman.<br><br>2/19/2010 ConsumerInfo Evidentiary Objections pages 2, 5. |
| | **H.   Defendants' Credit Report America Business** | |
| 111. | Defendants 1016363 Alberta Ltd. and 1021018 Alberta Ltd. (collectively, the "Alberta Defendants") operate a diverse line of e-commerce businesses, selling everything from nutritional supplements to herbal tea to teeth whitening products.  (Willms Decl. ¶2.) | Undisputed, except to the extent that this fact implies that the defendants followed any corporate formalities with respect to any of their businesses.  The evidence shows that the entities did not maintain such corporate formalities.   In addition, ConsumerInfo objects to Defendants definition of the "Alberta Defendants," as it incompletely identifies all of the defendants who are each liable for the wrongful acts alleged by |

KAYE SCHOLER LLP

| | | | |
|---|---|---|---|
| | | | ConsumerInfo in this action.  In this Statement of Genuine Issues, ConsumerInfo refers to all of the named defendants in this action as "Defendants." |
| 112. | In August 2008, the Alberta Defendants launched a new service and website, located at <www.creditreportamerica.com> ("Credit Report America").  (Willms Decl. ¶3.) | | Undisputed, except to the extent that this fact implies that www.creditreportamerica.com was the only website used by Defendants to promote and sell their credit-related products and services.  Defendants also owned and operated other websites, including www.freereportcheck.com and www.mycreditreportsdirect.com to promote and sell those products and services.  Also, disputed as to date Defendants began advertising Credit Report America, which was April 2008.<br><br>*See* evidence cited in Plaintiff's Statement of Genuine Issues in Opp. to Defendants' Mot. for Summary Adjudication ("PSGI"), at Issue 29. |
| 113. | Credit Report America offered consumers information about credit scores, credit reports, identity theft, and online security.  (Willms Decl. ¶3.) | | Disputed to the extent that this fact implies that Defendants provided consumers actual credit scores, credit reports, identity theft products, online security products, or credit monitoring products.<br><br>*See* evidence cited in PSGI Issue 30. |
| 114. | Credit Report America also provided instructions to consumers on how to get their free credit reports from the three major credit bureaus, (as required under the FCRA). | | Undisputed. |
| 115. | Credit Report America stopped taking orders in April 2009, after Plaintiff initiated this lawsuit.  (Willms Decl. ¶7.) | | Disputed.  Defendants continued taking orders through www.creditreportamerica.com and www.freereportcheck.com at least through May 2009, and then established www.mycreditreportsdirect.com |

19

| | | |
|---|---|---|
| | | in or around September 2009.<br><br>Maya Opp. Decl. Exh. C, Leonard Depo. at page 229, line 15 through page 227, line 5 & Exh. 100; page 227, line 24 through page 228, line 22 & Exh. 101; page 230, line 20 through page 231, line 14 & Exh. 103; page 231, line 16 through page 232, line 24 & Exh. 104<br><br>Maya Opp. Decl. Exh. E, Kiedyk Depo. at page 31, line 25 through page 32, line 15; page 36, line 22 through page 39, line 2<br><br>Maya Opp. Decl. Exh. A, Willms Depo. at page 263, lines 12-21<br><br>Maya Opp. Decl. Exh. B, Alberta Depo. at page 84, lines 3-13 & Exh. 212.<br><br>Maya Opp. Decl. ¶¶ 15-16 & Exhs. K & L (Defendants' post-April 2009 financial data). |
| | **I.   Injury to Defendants' Credit-Related Services** | |
| 116. | In e-commerce, it is common for a venture to lose money initially and to be re-launched later at a profit as the marketing processes are streamlined. (Willms Decl. ¶7.) | Disputed.<br><br>Objections: Improper expert testimony, lacks foundation. |
| 117. | Sometimes this re-launching process may require two to three iterations. (Willms Decl. ¶7.) | Disputed.<br><br>Objections: Improper expert testimony, lacks foundation. |
| 118. | Had Plaintiff not fraudulently obtained a registration for FREECREDITREPORT.COM, and sought to prevent Defendants from using similar names, phrases, and language in online marketing, the Alberta Defendants would have been able to re-launch their credit-related | Disputed.<br><br>Objections: Improper expert testimony, lacks foundation, speculative. |

KAYE SCHOLER LLP

| | | |
|---|---|---|
| | services profitably.  (Willms Decl. ¶8.) | |
| 119. | The terms "free," "credit" and "report" are descriptive and generic in the online marketing of credit-related services. The vast majority of consumers use these terms in their Internet searches for credit-related services.  (Willms Decl. ¶9.) | Disputed.<br><br>Objections: Improper expert testimony, lacks foundation.<br><br>There is no admissible evidence that the "vast majority of consumers use these terms . . . ."<br><br>Furthermore, this "fact" consists of irrelevant legal argument. ConsumerInfo does not assert trademark rights in these terms. ConsumerInfo asserts trademark rights in the term FREECREDITREPORT.COM. |
| 120. | Plaintiff's fraudulent trademark registration has harmed the Alberta Defendants by allowing Plaintiff to gain a more prominent position in online marketing—which results in greater customer traffic.  (Willms Decl. ¶10.) | Disputed.<br><br>Objections: Improper expert testimony, lacks foundation, speculative. |
| 121. | Conversely, the Alberta Defendants' inability to use names, language, and phrases similar to FREECREDITREPORT.COM limits the Alberta Defendants in obtaining prominent online marketing positions, and thus limits the Alberta Defendants customer traffic.  (Willms Decl. ¶10.) | Disputed.<br><br>Objections: Improper expert testimony, lacks foundation, speculative. |
| | **J.  Communications Between Counsel** | |
| 122. | Since at least November 2008, counsel for the parties have discussed the bases for Defendants' counterclaim and the bases for Defendants' unclean hands defense. In particular, counsel for Defendants explained that they were seeking to cancel Plaintiff's FREECREDITREPORT.COM trademark under 15 U.S.C. §1119 based, in part, on the mark's misdescriptiveness. Additionally, Defendants explained that they were seeking to raise an unclean hands defense based on Plaintiff's misuse of | Disputed.<br><br>The first time Defendants' counsel asserted Defendants were seeking to cancel ConsumerInfo's trademark on the basis of general "misdescriptiveness" other than that alleged in Defendants' original answer and counterclaim was during a telephonic hearing with the Magistrate Judge on January 27, 2010. |

KAYE SCHOLER LLP

| | |
|---|---|
| its FREECREDITREPORT.COM trademark. These issues were thoroughly discussed during the parties' meet-and-confer efforts regarding Defendants' discovery request for the consumer complaints Plaintiff had received about its FreeCreditReport.com service. (Rosenfeld Decl. ¶16.) | Maya Decl. ¶ 4. |

DATED:  February 26, 2010

Respectfully Submitted,

KAYE SCHOLER LLP

By:_____
Theodore W. Maya
Attorneys for Plaintiff and Counter-Defendant CONSUMERINFO.COM, INC.

22