RHONDA R. TROTTER, Bar Number 169241
rtrotter@kayescholer.com
THEODORE W. MAYA, Bar Number 223242
tmaya@kayescholer.com
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, California  90067
Telephone:  (310) 788-1000
Facsimile:   (310) 788-1200

Attorneys for Plaintiff and Counter-Defendant
CONSUMERINFO.COM, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| CONSUMERINFO.COM, INC., a California corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>JESSE WILLMS, an individual; EDIRECT, a Canadian Partnership; 1016363 ALBERTA LTD., a Canadian Corporation; 1021018 ALBERTA LTD., a Canadian Corporation; all doing business as "WU-YI SOURCE," "JUST THINK MEDIA," and "CREDIT REPORT AMERICA,"<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIM. | CASE NO. SA CV 09-0055 DMG (MLGx)<br><br>**PLAINTIFF CONSUMERINFO.COM, INC.'S EVIDENTIARY OBJECTIONS TO DEFENDANTS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Fed. R. Civ. P. 56<br><br>Hon. Dolly M. Gee<br><br>Hearing Date:  March 12, 2010<br>Time:          2:00 P.M.<br>Place:         Court Room 7<br>               Spring Street |

~7619442.DOCX                PLAINTIFF'S EVIDENTIARY OBJECTIONS

Plaintiff ConsumerInfo.com, Inc. ("Plaintiff") hereby objects to the following evidence presented by Defendants Jesse Willms and eDirect ("Defendants") in support of their Opposition to Plaintiff's Motion for Partial Summary Judgment ("Opposition").

| Defendants' Evidence | ConsumerInfo's Objections |
|---|---|
| **Objection No. 1**<br><br>2/19/10 Rosenfeld Declaration, Paragraph 5, page 1, and attached Exhibit D. | 1. The referenced survey is not attached.<br><br>2. Lacks foundation; not authenticated. *See, e.g.*, Court's Standing Order, page 7, lines 15-18 ("Documentary evidence as to which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, of a witness who can establish authenticity."). |
| **Objection No. 2**<br><br>2/19/10 Rosenfeld Declaration, Paragraph 6, page 1, and attached Exhibit E. | 1. Not authenticated. *See* Civ. Proc. 56(e)(1); *Orr v. Bank of Am.*, 285 F.3d 764, 773-74 (9th Cir. 2002) (holding documents submitted for summary judgment purposes must be properly authenticated).<br><br>2. Hearsay. *See* Fed. R. Evid. 801(c), |

| | |
|---|---|
| | 802.  Exhibit E purportedly contains out of court statements made by consumers to someone other than Defendants or Mr. Rosenfeld, who attaches them to his declaration.  Thus, the document amounts to double hearsay.  Defendants attempt to use these out of court statements to prove the truth of the matter asserted - that consumers were confused and/or deceived.<br><br>3. Lacks foundation. *See* Civ. Proc. 56(e); *Orr v. Bank of Am.*, 285 F.3d 764, 773-74, 77 (9th Cir. 2002) ("Because Orr attempted to introduce [a letter] by attaching it to [her lawyer's] affidavit, *Federal Rule of Civil Procedure 56(e)* requires that [the lawyer] have personal knowledge of the letter.").  Rosenfeld does not state his basis for personal knowledge about the customer complaints or the summary thereof attached as Exhibit E. |
| **Objection No. 3**<br><br>2/19/10 Rosenfeld Declaration, Paragraph 7, page 1, and attached | 1. Not authenticated. *See* Civ. Proc. 56(e)(1); *Orr*, 285 F.3d at 773-74 (holding documents submitted for summary judgment purposes must be |

| | |
|---|---|
| Exhibit F. | properly authenticated). |
| | 2. Hearsay. *See* Fed. R. Evid. 801(c), 802. Exhibit F purportedly contains out of court statements made by consumers to an entity other than Defendants or Mr. Rosenfeld, who attaches them to his declaration. Thus, the document amounts to double hearsay. Defendants attempt to use these out of court statements to prove the truth of the matter asserted — that consumers were confused and/or deceived. |
| | 3. Lacks foundation. *See* Civ. Proc. 56(e); *Orr*, 285 F.3d at 773-74. Rosenfeld does not state his basis for personal knowledge about the customer complaints attached as Exhibit F. |
| **Objection No. 4**<br><br>2/19/10 Rosenfeld Declaration, Paragraph 8, page 1, and attached Exhibit G. | 1. Not authenticated. *See* Civ. Proc. 56(e)(1); *Orr*, 285 F.3d at 773-74 (holding documents submitted for summary judgment purposes must be properly authenticated); *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987) ("In order to be considered by the court, 'documents |

KAYE SCHOLER LLP

|   |   |
|---|---|
| | must be authenticated by and attached to an affidavit that meets the requirements of [Fed.R.Civ.P.] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence."). Exhibit G does not contain a custodian of records declaration or other evidence indicating the documents are admissible as business records or otherwise. |
| | 2. Hearsay. *See* Fed. R. Evid. 801(c), 802. Exhibit G purportedly contains out of court statements made by consumers to the Better Business Bureau, an entity other than Defendants, and Defendants are attempting to use these out of court statements to prove the truth of the matter asserted — that consumers were confused and/or deceived. |
| | 3. Lacks foundation. *See* Civ. Proc. 56(e); *Orr*, 285 F.3d at 773-74. Rosenfeld does not state his basis for personal knowledge about the customer complaints attached as Exhibit G. |
| **Objection No. 5** | 1. Lacks authentication. *See* Civ. Proc. |

| | |
|---|---|
| 2/19/10 Rosenfeld Declaration, Paragraph 9, page 1, and attached Exhibit H. | 56(e); *Orr*, 285 F.3d at 773-74; *Blain's Helicopters*, 831 F.2d at 925. Exhibit H does not include a custodian of records declaration or other evidence indicating the documents are admissible as business records or otherwise.<br><br>2. Hearsay. *See* Fed. R. Evid. 801(c), 802. Exhibit H purportedly contains out of court statements made by consumers to an entity other than Defendants, and defendants are attempting to use these out of court statements to prove the truth of the matter asserted — that consumers were confused and/or deceived.<br><br>3. Lacks foundation. *See* Civ. Proc. 56(e); *Orr*, 285 F.3d at 773-74. Rosenfeld does not state a basis for personal knowledge about Exhibit H. |
| **Objection No. 6**<br><br>2/19/10 Rosenfeld Declaration, Paragraph 10, page 1, and attached Exhibit I. | 1. Lacks authentication. *See* Civ. Proc. 56(e); *Orr*, 285 F.3d at 773-74; *Blain's Helicopters*, 831 F.2d at 925. Exhibit I does not include a custodian of records declaration or other evidence indicating the documents are admissible as |

| | |
|---|---|
| | business records or otherwise.<br><br>2. Hearsay. *See* Fed. R. Evid. 801(c), 802.  Exhibit I purportedly contains out of court statements made by consumers to an entity other than Defendants, and defendants are attempting to use these out of court statements to prove the truth of the matter asserted — that consumers were confused and/or deceived.<br><br>3. Lacks foundation. *See* Civ. Proc. 56(e); *Orr*, 285 F.3d at 773-74. Rosenfeld does not state a basis for personal knowledge about Exhibit I. |
| **Objection No. 7**<br><br>2/19/10 Rosenfeld Declaration, Paragraph 11, page 2, and attached Exhibit J. | 1. Lacks authentication. *See* Civ. Proc. 56(e); *Orr*, 285 F.3d at 773-74; *Blain's Helicopters*, 831 F.2d at 925.  Exhibit J does not include a custodian of records declaration or other evidence indicating the documents are admissible as business records or otherwise.<br><br>2. Hearsay. *See* Fed. R. Evid. 801(c), 802.  Exhibit J purportedly contains out of court statements made by consumers |

| | |
|---|---|
| | to an entity other than Defendants, and defendants are attempting to use these out of court statements to prove the truth of the matter asserted — that consumers were confused and/or deceived.<br><br>3. Lacks foundation. *See* Civ. Proc. 56(e); *Orr*, 285 F.3d at 773-74. Rosenfeld does not state a basis for personal knowledge about Exhibit J. |
| **Objection No. 8**<br><br>2/19/10 Rosenfeld Declaration, Paragraph 12, page 2, and attached Exhibit K. | 1. Lacks authentication. *See* Civ. Proc. 56(e); *Orr*, 285 F.3d at 773-74; *Blain's Helicopters*, 831 F.2d at 925. Exhibit K does not include a custodian of records declaration or other evidence indicating the documents are admissible as business records or otherwise.<br><br>Exhibits K through M to the 2/19/10 Rosenfeld Declaration were not produced during discovery in this action, and ConsumerInfo is totally unfamiliar with them. (2/25/10 Maya Reply Decl. ¶ 4.)<br><br>2. Hearsay. *See* Fed. R. Evid. 801(c), |

| | |
|---|---|
| | 802. Exhibit K purportedly contains out of court statements made by consumers to an entity other than Defendants, and defendants are attempting to use these out of court statements to prove the truth of the matter asserted — that consumers were confused and/or deceived.<br><br>3. Lacks foundation. *See* Civ. Proc. 56(e); *Orr*, 285 F.3d at 773-74. Rosenfeld does not state a basis for personal knowledge about Exhibit K. |
| **Objection No. 9**<br><br>2/19/10 Rosenfeld Declaration, Paragraph 13, page 2, and attached Exhibit L. | 1. Lacks authentication. *See* Civ. Proc. 56(e); *Orr*, 285 F.3d at 773-74; *Blain's Helicopters*, 831 F.2d at 925. Exhibit L does not include a custodian of records declaration or other evidence indicating the documents are admissible as business records or otherwise.<br><br>Exhibits K through M to the 2/19/10 Rosenfeld Declaration were not produced during discovery in this action, and ConsumerInfo is totally unfamiliar with them. (2/25/10 Maya Reply Decl. ¶ 4.) |

| | |
|---|---|
| | 2. Hearsay. *See* Fed. R. Evid. 801(c), 802.  Exhibit L purportedly contains out of court statements made by consumers to an entity other than Defendants, and defendants are attempting to use these out of court statements to prove the truth of the matter asserted — that consumers were confused and/or deceived. <br><br> 3. Lacks foundation. *See* Civ. Proc. 56(e); *Orr*, 285 F.3d at 773-74. Rosenfeld does not state a basis for personal knowledge about Exhibit L. |
| **Objection No. 10** <br><br> 2/19/10 Rosenfeld Declaration, Paragraph 14, page 2, and attached Exhibit M. | 1. Lacks authentication. *See* Civ. Proc. 56(e); *Orr*, 285 F.3d at 773-74; *Blain's Helicopters*, 831 F.2d at 925.  Exhibit M does not include a custodian of records declaration or other evidence indicating the documents are admissible as business records or otherwise. <br><br> Exhibits K through M to the 2/19/10 Rosenfeld Declaration were not produced during discovery in this action, and ConsumerInfo is totally |

| | |
|---|---|
| | unfamiliar with them.  (2/25/10 Maya Reply Decl. ¶ 4.)<br><br>2. Hearsay.  *See* Fed. R. Evid. 801(c), 802.  Exhibit M purportedly contains out of court statements made by consumers to an entity other than Defendants, and defendants are attempting to use these out of court statements to prove the truth of the matter asserted — that consumers were confused and/or deceived.<br><br>3. Lacks foundation.  *See* Civ. Proc. 56(e); *Orr*, 285 F.3d at 773-74. Rosenfeld does not state a basis for personal knowledge about Exhibit M. |
| **Objection No. 11**<br><br>2/19/10 Rosenfeld Declaration, Paragraph 15, page 2, and attached Exhibit N. | 1. Irrelevant.  *See* Fed. R. Evid. 401, 402.<br><br>2. Hearsay.  *See* Fed. R. Evid. 801(c), 802. |
| **Objection No. 12**<br><br>2/19/10 Rosenfeld Declaration, Paragraph 17, page 2. | 1. Irrelevant.  *See* Fed. R. Evid. 401, 402.  Magistrate Judge Goldman ruled: "the burden of producing this information far outweighs [the] |

| | |
|---|---|
| | relevance, particularly in light of the complaint information already provided." (Docket 82, 1/27/10 Order; *see also* Docket No. 64, 12/16/09 Order.)<br><br>2. Violates the Best Evidence Rule. *See* Fed. R. Evid. 1002. Rosenfeld fails to attach documentary evidence of the purported requests Defendants sent to Plaintiffs asking for the production of more consumer complaints. |
| **Objection No. 13**<br><br>Declaration of Kent Van Liere submitted in support of Defendant's Opposition ("Van Liere Declaration"). | Irrelevant.<br>The Van Liere Declaration and Defendants' argument based on it fail to create an issue of fact that ConsumerInfo made a knowing misrepresentation of fact to the PTO when applying to register FREECREDITREPORT.COM.<br><br>Improper expert testimony. *See* Fed. R. Evid. 702 (allowing expert testimony only if it "is the product of reliable principles and methods, and [] the witness has applied the principles and methods reliably to the facts of the |

| | |
|---|---|
| | case"). |
| **Objection No. 14**<br><br>2/19/10 Declaration of Jesse Willms submitted in support of Defendants' Opposition ("2/19/10 Willms Declaration"), Paragraph 3, lines 18-21. | 1. Lacks foundation. *See* Fed. R. Evid. 602; Fed. R. Civ. Proc. 56(e).<br><br>2. Violates the Best Evidence Rule. *See* Fed. R. Evid. 1002. Willms testifies that unspecified advertisements of his were "truthful," but does not attach or refer to any specific advertisements, which would show that Defendants advertised instant free credit reports, credit scores, and credit monitoring, not "information about" such products, as Willms declares. *See* Plaintiff's Statement of Genuine Issues in Opposition to Defendants' Motion for Summary Adjudication ("PSGI"), Facts 122-23. |
| **Objection No. 15**<br><br>2/19/10 Willms Declaration, Paragraph 5, page 2, lines 2-7. | Improper testimony regarding a legal conclusion. *See* Fed. R. Civ. Proc. 56(e) ("A supporting or opposing affidavit must . . . set out facts that would be admissible in evidence"). Willms's statements that "Defendants did not infringe . . ." are not facts, but instead are legal conclusions concerning causes of action plaintiff asserted |

| | |
|---|---|
| | against defendants. |
| **Objection No. 16**<br><br>2/19/10 Willms Declaration, Paragraph 6, page 2. | 1. Lacks foundation; not based on personal knowledge. *See* Fed. R. Evid. 602; Fed. R. Civ. Proc. 56(e). Willms does not have personal knowledge about the design elements in Plaintiff's website nor why Plaintiff designed its website the way it did.<br><br>2. Improper expert testimony. *See* Fed. R. Evid. 702 (an expert is a "witness qualified as an expert by knowledge, skill, experience, training, or education"). Willms fails to provide the requisite qualifications establishing himself as an expert on e-commerce and online marketing and fails to explain the principles and methods on which he relies when asserting his opinions. |
| **Objection No. 17**<br><br>2/19/10 Willms Declaration, Paragraph 7, page 2, lines 24-27. | 1. Lacks foundation; not based on personal knowledge. *See* Fed. R. Evid. 602; Fed. R. Civ. Proc. 56(e).<br><br>2. Improper expert testimony. *See* Fed. R. Evid. 702. Willms fails to provide the requisite qualifications establishing himself as an expert on e-commerce and |

| | |
|---|---|
| | fails to explain the principles and methods on which he relies when asserting his opinions. |
| **Objection No. 18**<br><br>2/19/10 Willms Declaration, Paragraph 8. | 1. Lacks foundation; not based on personal knowledge. *See* Fed. R. Civ. P. 56(e); Fed. R. Evid. 602; *Columbia Pictures Indus., Inc. v. Prof'l Real Estate Investors, Inc.*, 944 F.2d 1525, 1529 (9th Cir. 1991) (refusing to consider declaration stating "I believe . . ." in opposition to summary judgment because it was not based on personal knowledge and failed to meet the requirements of FRCP 56(e)). Willms's testimony that "Defendants would have been able to re-launch their credit-related services properly" is totally speculative.<br><br>2. Improper expert testimony. *See* Fed. R. Evid. 702. Willms fails to provide the requisite qualifications establishing himself as an expert on e-commerce and fails to explain the principles and methods on which he relies when asserting his opinions. |

| **Objection No. 19**<br><br>2/19/10 Willms Declaration, Paragraph 9. | 1. Lacks foundation; not based on personal knowledge. *See* Fed. R. Evid. 602; Fed. R. Civ. Proc. 56(e).<br><br>2. Improper expert testimony. *See* Fed. R. Evid. 702. Willms fails to provide the requisite qualifications establishing himself as an expert on online marketing of credit-related services and fails to explain the principles and methods on which he relies when asserting his opinions. |
|---|---|
| **Objection No. 20**<br><br>2/19/10 Willms Declaration, Paragraph 10. | 1. Lacks foundation; not based on personal knowledge. *See* Fed. R. Civ. P. 56(e) ("A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated."); Fed. R. Evid. 602. What would have or could have happened in the future is not admissible evidence nor is it based on personal knowledge.<br><br>2. Improper expert testimony. *See* Fed. R. Evid. 702. Willms fails to provide the requisite qualifications establishing |

| | |
|---|---|
| | himself as an expert on online marketing of credit-related services and fails to explain the principles and methods on which he relies when asserting his opinions. |

DATED:  February 26, 2010

Respectfully Submitted,

KAYE SCHOLER LLP

By: _____
    Theodore W. Maya
Attorneys for Plaintiff and Counter-Defendant CONSUMERINFO.COM, INC.

17

~7619442.DOCX  PLAINTIFF'S EVIDENTIARY OBJECTIONS