**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (Bar No. 226112)
Henry M. Burgoyne, III (Bar No. 203748)
Jeffrey M. Rosenfeld (Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:   (415) 955-1158
karl@KBInternetLaw.com
hank@KBInternetLaw.com
jeff@KBInternetLaw.com

Attorneys for Defendants Jesse Willms,
eDirect, 1016363 Alberta, Ltd. and 1021018
Alberta Ltd.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CONSUMERINFO.COM, INC.,** a California corporation,<br><br>Plaintiff & Cross-Defendant,<br><br>v.<br><br>**JESSE WILLMS**, *et al.*<br><br>Defendants.<br><br>**JESSE WILLMS** and **EDIRECT**,<br><br>Cross-Plaintiffs,<br><br>v.<br><br>**CONSUMERINFO.COM, INC.**,<br><br>Cross-Defendant. | CASE NO. SACV09-0055 DMG (MLGx)<br><br>**DEFENDANTS' RESPONSE TO CONSUMERINFO.COM, INC.'S CORRECTED EVIDENTIARY OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF THE MOTION FOR SUMMARY ADJUDICATION**<br><br>Date:       March 12, 2010<br>Time:      2:00 pm<br>Place:     Courtroom 7<br><br>Before Hon. Dolly M. Gee, Judge |

CASE NO. SACV09-0055 DMG (MLGx)  **DEFS' RESP. TO EVIDENTIARY OBJS TO EVIDENCE ISO MTN FOR SUMM. ADJ.**

## INTRODUCTION

Without regard to the merit of any objection, Plaintiff ConsumerInfo.com, Inc. ("Plaintiff" or "ConsumerInfo") objects to those pieces of evidence that are most damaging to its case. In doing so, Plaintiff has disregarded a basic tenet of good faith litigation practice. This tenet provides that where a party fails to authenticate a document properly or lay a proper foundation, the opposing party is not acting in good faith in raising such an objection if the party nevertheless knows that the document is authentic. *See Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1120-21 (E.D. Cal. 2006) (quoting *Fenje v. Feld,* 301 F. Supp. 2d 781, 789 (N.D. Ill. 2003)); *Greenwich Ins. Co. v. Media Breakaway, LLC*, No. 08-937, 2009 WL 2231678, *3 n.4 (C.D. Cal. July 22, 2009); *Harris Technical Sales, Inc. v. Eagle Test Systems, Inc.*, No. 06-02471, 2008 WL 343260, *8 (D. Ariz. Feb. 5, 2008).

The Court must take this tenet of good faith practice into consideration when evaluating Plaintiff's objections.

## DEFENDANTS' RESPONSES TO CONSUMERINFO'S OBJECTIONS

| Defendants' Evidence & Plaintiff's Objection | Defendants' Response |
|---|---|
| Defendants' Evidence: Paragraph 11 of the Declaration of Jeffrey M. Rosenfeld submitted in support of Willms' Motion ("Rosenfeld Declaration").<br><br>Plaintiff's Objection: Lacks foundation and fails to demonstrate that the declarant has personal knowledge as to this fact. *See* Fed R. Evid. 602; Fed R. Civ. Proc. | Contrary to Plaintiff's objection, Mr. Rosenfeld testified that he had personal knowledge of the statements in Paragraph 11.<br><br>Moreover, Plaintiff has offered no reason why it believes Paragraph 11 to be false or unauthentic, violating the basic tenet of good faith litigation practice. |

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | 56(e). | Despite the above, and in order to allay Plaintiff's purported concerns, Defendants hereby submit another declaration providing additional foundation for the statements in Paragraph 11. (Declaration of Sumeena Birdi in Support of Reply to Defendants' Motion for Summary Adjudication ("Birdi Decl.") ¶2 & Ex. A.) |
| 8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21 | Defendants' Evidence: Exhibit J attached to the Rosenfeld Declaration.<br><br>Plaintiff's Objection: The attachment is unauthenticated. *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987) ("In order to be considered by the court, "documents must be authenticated by and attached to an affidavit that meets the requirements of [Fed.R.Civ.P.] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence."). | Mr. Rosenfeld testified that the printouts attached as Exhibit J were true and accurate printouts of the Internet websites described in Paragraph 11 of his declaration. Such authentication is more than sufficient to authenticate the documents.<br><br>Moreover, Plaintiff has offered no reason why it believes Exhibit J to be unauthentic, violating the basic tenet of good faith litigation practice.<br><br>Despite the above, and in order to allay Plaintiff's purported concerns, Defendants hereby submit another declaration providing additional authentication of Exhibit J. (Birdi Decl. ¶2 & Ex. A.) |
| 22<br>23<br>24<br>25<br>26<br>27<br>28 | Defendants' Evidence: Paragraph 12 of the Declaration of Irving S. Rappaport submitted in support of Willms' Motion ("Rappaport Declaration").<br><br>Plaintiff's Objection: Improper expert testimony. *See* Fed. R. Evid. 702; *Hangarter v. Provident Life &* | Contrary to Plaintiff's objection, Paragraph 12 of the Rappaport Declaration is not a legal conclusion. Rather it is an opinion, by an expert, about the customs and practices of companies like Plaintiff in managing their trademark portfolios. Mr. Rappaport's testimony is offered to assist the Court and/or jury in |

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

| | |
|---|---|
| *Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) ("[A]n expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law."). This is nothing more than Rappaport's legal conclusion as to one of the elements Defendants must prove to prevail on their counterclaim. | evaluating Plaintiff's management of its trademark portfolio. *See Flemming v. Air Sunshine, Inc.*, 311 F.3d 282, 297 n.10 (3d Cir. 2002) (trial court properly allowed expert's opinion as to custom and usage in insurance industry). This opinion is not any opinion of law, let alone an ultimate conclusion of law. *United States v. Moran*, 493 F.3d 1002, 1008 (9th Cir. 2007) (precluding only expert opinions as to "ultimate conclusions of law"). |
| <u>Defendants' Evidence</u>: Entire Rappaport Declaration.<br><br><u>Plaintiff's Objection</u>: Improper expert testimony. *See* Fed. R. Evid. 702; *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) ("[A]n expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law."). The Rappaport Declaration consists of nothing more than legal conclusions as to the elements of Defendants' counterclaim. | Contrary to Plaintiff's objection, Mr. Rappaport's declaration does not contain legal conclusions. Rather it contains opinions, by an expert, about the customs and practices of companies in Plaintiff's position in managing their trademark portfolio. This testimony is offered to assist the Court and/or jury in evaluating Plaintiff's management of its trademark portfolio. *See Flemming v. Air Sunshine, Inc.*, 311 F.3d 282, 297 n.10 (3d Cir. 2002) (trial court properly allowed expert's opinion as to custom and usage in insurance industry). This opinion is not any opinion of law, let alone an ultimate conclusion of law. *United States v. Moran*, 493 F.3d 1002, 1008 (9th Cir. 2007) (precluding only expert opinions as to "ultimate conclusions of law"). |
| <u>Defendants' Evidence</u>: Paragraphs 4 through 6 of the Declaration of Jesse Willms submitted in support of Willms' Motion ("Willms | In Paragraphs 4-6 of the Willms Declaration, Mr. Willms provides basic background information about marketing in the e-commerce and |

CASE NO. SACV09-0055 DMG (MLGx)   3   **DEFS' RESP. TO EVIDENTIARY OBJS TO EVIDENCE ISO MTN FOR SUMM. ADJ.**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

| | |
|---|---|
| Declaration"). | affiliate marketing industries. Willms states that he has personal knowledge of these facts, some of which are unique to Defendants. For example, Willms declares that "the Alberta Defendants do not advertise their goods and services themselves. Rather the Alberta Defendants contract with third parties to advertise their goods and services. Some of these third parties are known as 'affiliate networks.'" (Willms Decl. ¶4.) The remainder of the facts in paragraph 4-6 are well established in the e-commerce and affiliate marketing industries, and are within Mr. Willms's personal knowledge. |
| Plaintiff's Objection: | |
| 1. Lack foundation; not based on personal knowledge. *See* Fed R. Evid. 602; Fed R. Civ. Proc. 56(e). | |
| 2. Improper expert testimony. *See* Fed. R. Evid. 702. Willms fails to provide the requisite qualifications establishing himself as an expert and fails to explain the principles and methods on which he relies. | |
| | Plaintiff can point to no evidence suggesting that Willms does not have personal knowledge of the facts set forth in Paragraphs 4-6 or that they are somehow false or misrepresentations. |
| Defendants' Evidence: Paragraph 7 of the Willms Declaration. | In Paragraph 7 of the Willms Declaration, Mr. Willms provides basic background information about marketing in e-commerce, and specifically media buying. Willms states that he has personal knowledge of these facts, some of which are unique to Defendants. For example, Willms declares that "The Alberta Defendants also contract with media buyers to promote their goods and services." (Willms Decl. ¶4.) The remainder of the facts are well established in the e-commerce marketing industry, |
| Plaintiff's Objection: | |
| 1. Lacks foundation; not based on personal knowledge. *See* Fed R. Evid. 602; Fed R. Civ. Proc. 56(e). | |
| 2. Improper expert testimony. *See* Fed. R. Evid. 702. Willms fails to provide the requisite qualifications establishing himself as an expert and fails to explain the principles and methods on which he relies. | |

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

| | | |
|---|---|---|
| 1 | | and are within Mr. Willms's personal knowledge. |
| 2 | | |
| 3 | | Plaintiff can point to no evidence suggesting that Willms does not have personal knowledge of the facts set forth in Paragraph 7 or that they are somehow false or misrepresentations. |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | Defendants' Evidence: Paragraph 18 of the Willms Declaration. | Plaintiff misstates the "best evidence rule," which does not apply here. As the Ninth Circuit has stated, the best evidence rule does not, "as its common name implies," require "the best evidence in every case but rather the production of an original document instead of a copy." *Seiler v. Lucasfilm, Ltd.*, 808 F.2d 1316, 1318 (9th Cir. 1986). Plaintiff does not contend that in Paragraph 18 of the Willms Declaration that Willms impermissibly relies on a copy instead of an original version of a document. Willms's statement in Paragraph 18 is based on his personal knowledge of the facts. Plaintiff's objection is inapposite. |
| 9 | | |
| 10 | Plaintiff's Objection: Violates the Best Evidence Rule. *See* Fed. R. Evid. 1002. Willms fails to provide any admissible evidence reflecting any payment made to ROI for media purchases that ROI arranged. | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | Defendants' Evidence: Paragraph 30 of the Willms Declaration. | Plaintiff misstates the "best evidence rule," which does not apply here. As the Ninth Circuit has stated, the best evidence rule does not, "as its common name implies," require "the best evidence in every case but rather the production of an original document instead of a copy." *Seiler v. Lucasfilm, Ltd.*, 808 F.2d 1316, 1318 (9th Cir. 1986). Plaintiff does not contend that in Paragraph 30 of the Willms Declaration that Willms |
| 22 | | |
| 23 | Plaintiff's Objection: Violates the Best Evidence Rule. *See* Fed. R. Evid. 1002. Willms failed to provide the email from himself to ClickBooth referenced in this paragraph. | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

| | | |
|---|---|---|
| 1-4 | | impermissibly relies on a copy instead of an original version of a document. Willms statement in Paragraph 30 is based on his personal knowledge of the facts. Plaintiff's objection is inapposite. |
| 6-19 | <u>Defendants' Evidence</u>:  Statement of Uncontroverted Fact ("SUF") ¶64 in support of Willms' Motion.<br><br><u>Plaintiff's Objection</u>:  Lacks foundation. *See* Fed R. Civ. P. 56(e). The exhibit and declaration relied on do not contain the domain names listed in SUF 64. | Plaintiff objects to SUF ¶64 because the WESTLAW copy of the UDRP decision did not identify the domain names in dispute.  However, Plaintiff is well aware of the domain names at issue, as Plaintiff brought the UDRP arbitration proceeding.  Again, Plaintiff's objection violates the basic tenet of good faith litigation practice. Plaintiff does not—and cannot—dispute that the domain names at issue in Paragraph 64 were not at issue in the attached UDRP decision.<br><br>For clarification, Defendants have re-submitted a copy of the UDRP decision, which identifies the domain names at issue.  (Declaration of Jeffrey M. Rosenfeld in Support of Reply to Motion for Summary Adjudication ¶2 & Ex. A.) |
| 21-28 | <u>Defendants' Evidence</u>: Entire Declaration of Dr. Frederick B. Cohen submitted in support of Willms' Motion ("Cohen Declaration").<br><br><u>Plaintiff's Objection</u>: Irrelevant. *See* Fed. R. Evid. 402. Whether other parties were using the words "free," "credit," and/or "report" in domain names or in text is not relevant unless the party has trademark rights | Dr. Cohen is an expert on computer forensics—not on trademark similarity.  His declaration provides opinion testimony as to the extent of third party use of names, language, and phrases similar to FREECREDITREPORT.COM on the Internet between 2006-2008.  It remains up to the Court and/or the trier of fact to determine whether these words were confusingly similar to FREECREDITREPORT.COM in a |

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

| | |
|---|---|
| in a mark incorporating those terms. | trademark sense and whether Plaintiff committed fraud on the trademark office.  *See Levi Strauss & Co. v. Genesco, Inc.*, 742 F.2d 1401, 1405 (Fed Cir. 1984). |
| <u>Defendants' Evidence</u>: Paragraph 21 of the Cohen Declaration.<br><br><u>Plaintiff's Objection</u>: Improper opinion testimony. *See* Fed. R. Evid. 702; Fed. R. Evid. 703. Cohen fails to provide any basis regarding his qualifications as an expert to determine what the term "similar" means. | Dr. Cohen is an expert on computer forensics—not on trademark similarity. His declaration provides opinion testimony as to the extent of third party use of names, language, and phrases similar to FREECREDITREPORT.COM on the Internet between 2006-2008. It remains up to the Court and/or the trier of fact to determine whether these words were confusingly similar to FREECREDITREPORT.COM in a trademark sense and whether Plaintiff committed fraud on the trademark office. *See Levi Strauss & Co. v. Genesco, Inc.*, 742 F.2d 1401, 1405 (Fed Cir. 1984). |
| <u>Defendants' Evidence</u>: Paragraph 33 of the Cohen Declaration.<br><br><u>Plaintiff's Objection</u>: Improper expert testimony. *See* Fed. R. Evid. 702; *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) ("[A]n expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law."). Cohen's statement is a legal conclusion that is not helpful and does not assist the trier of fact to better understand the evidence. | Paragraph 33 of the Cohen Declaration does not contain anything close to an ultimate conclusion of law. Rather, Paragraph 33 opines as to pervasiveness and availability of third party uses of names, language, and phrases similar to FREECREDITREPORT.COM. This paragraph does not opine that such language was "confusingly similar" to FREECREDITREPORT.COM in a trademark sense or that Plaintiff otherwise committed fraud on the trademark office. These issues are left to the trier of fact. |

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

| Defendants' Evidence: Paragraph 34 of the Cohen Declaration.<br><br>Plaintiff's Objection: Improper expert testimony. *See* Fed. R. Evid. 702; *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) ("[A]n expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law."). Cohen's statement is a legal conclusion that is not helpful and does not assist the trier | Paragraph 34 of the Cohen Declaration does not contain anything close to an ultimate conclusion of law. Rather, Paragraph 34 opines as to pervasiveness and availability of third party uses of names, language, and phrases similar to FREECREDITREPORT.COM. This paragraph does not opine that such language was "confusingly similar" to FREECREDITREPORT.COM in a trademark sense or that Plaintiff otherwise committed fraud on the trademark office. These issues are left to the trier of fact. |
|---|---|

## CONCLUSION

For the reasons set forth above, the Court should overrule all of Plaintiff's evidentiary objections.

Respectfully submitted,

DATED: February 26, 2010         KRONENBERGER BURGOYNE, LLP

By:   /s/ Karl S. Kronenberger
       Karl S. Kronenberger

Attorneys for Defendants Jesse Willms, eDirect, 1016363 Alberta, Ltd. and 1021018 Alberta Ltd.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com